KELLY v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, Second Department. November 22, 1907.)

1. APPEAL—DISMISSAL—GROUNDS—AMENDMENT OF ORDER APPEALED FROM.
An appeal will not be dismissed, because the order appealed from was amended after notice of appeal, where no motion to dismiss was made and the party was apprised of the order sought to be reviewed.

2. ATTORNEY AND CLIENT—ATTORNEY'S LIEN — PROTECTION — DISCONTINUANCE BY PARTIES.
Parties have the right to settle suits, and, while courts will preserve the lien of attorneys against collusion and fraudulent settlement, parties will not be compelled to litigate, and a discontinuance should be granted, when requested by both parties, though opposed by the attorney of record, who is unable to show authority to commence the action, as the existence of a lien depends upon such authority.

3. SAME—LIABILITY FOR COSTS.
When, on appeal, the attorney is the real party interested, he will be required to pay the costs on an adverse decision.

Appeal from Special Term, Kings County.
Action by Margaret Kelly against the New York City Railway

Company. From an order denying a discontinuance, defendant appeals. Order reversed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Bayard H. Ames, for appellant.

Joseph Gans, for respondent.

MILLER, J. The defendant appeals from an order denying its application for the discontinuance of the action in which the plaintiff joined. The respondent claims that the appeal should be dismissed, for the reason that the order appealed from was made on January 25th, and that after the notice of appeal was served said order was amended, by an order made on March 11th, so as to contain certain recitals omitted from the original order. The order of March 11th is printed in the record, and by its terms the order as resettled and amended remains of the date as originally entered. Moreover, no motion to dismiss was made. Had there been, the defect, if defect there be, might have been supplied pursuant to section 1303 of the Code of Civil Procedure. The respondent was apprised of the order sought to be reviewed. Lindon v. Beach, 6 Hun, 200.

The motion was opposed by the attorney of record for the plaintiff, and the only question of fact raised was whether said attorney was ever authorized to bring the action. The plaintiff asserts that she never retained said attorney or authorized the commencement of the action. Said attorney says that he would not have brought the action, had he not been informed by his clerk that he was authorized so to do. It appears by his affidavit that he never had any communication with his client, except to write her a letter requesting her to examine and correct a proposed complaint which he inclosed, and to sign and return the same to him when corrected; but he concedes that the plaintiff never replied to his letter. Said clerk says that he was present when the accident occurred (this is an accident case); that the plaintiff then gave him her name and address, and requested him to call upon her; that he did so, and requested her to sign a writing authorizing said attorney to represent her and to commence an action; but that, while she authorized him to retain said attorney, she refused to sign any writing to that effect. The accident occurred on the 17th day of December, 1906, and on the 18th said attorney served a summons, as he says, "in order that the plaintiff should not be unduly delayed in the enforcement of her claim in case the defendant should decline to settle it."

Parties should not be vexed by lawsuits instituted without authority, but should receive summary relief therefrom. They have the right to settle their differences without suit, or after suit brought, and they will be aided, and not embarrassed, in doing so. While the courts will go far to preserve the lien of attorneys and to prevent them from being cheated out of their fees by collusive and fraudulent settlements, parties will not be compelled to litigate against their will. The parties to this action had a right to discontinue it, and the only question before the court related to the measures to be taken for the pro-

tection and enforcement of the attorney's lien. Obviously the existence of any such lien depended upon the attorney's authority to begin the suit, and an attorney asking for that protection should be in a position to satisfy the court of his authority. Without passing upon the good faith of the attorney, we are not satisfied from the facts disclosed by the record that the plaintiff ever authorized the commencement of the action, and we think the application of both parties for an order discontinuing the action should have been granted. As the attorney is the real respondent, he should pay the costs and disbursements of this appeal.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs, payable by the attorney for the respondent. All concur.

---

HERMAN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, Second Department. November 22, 1907.)

ATTORNEY AND CLIENT—DISCONTINUANCE BY PARTIES.

Where a case was commenced without the authority of an infant and for whom no guardian ad litem was appointed, her motion to dismiss should be granted, though opposed by the attorney of record.