tection and enforcement of the attorney's lien. Obviously the existence of any such lien depended upon the attorney's authority to begin the suit, and an attorney asking for that protection should be in a position to satisfy the court of his authority. Without passing upon the good faith of the attorney, we are not satisfied from the facts disclosed by the record that the plaintiff ever authorized the commencement of the action, and we think the application of both parties for an order discontinuing the action should have been granted. As the attorney is the real respondent, he should pay the costs and disbursements of this appeal.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs, payable by the attorney for the respondent. All concur.

---

HERMAN v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, Second Department. November 22, 1907.)

ATTORNEY AND CLIENT—DISCONTINUANCE BY PARTIES.

Where a case was commenced without the authority of an infant and for whom no guardian ad litem was appointed, her motion to dismiss should be granted, though opposed by the attorney of record.

Appeal from Special Term, Kings County.

Action by Lottie Herman against the New York City Railway Company. From an order denying a discontinuance, defendant appeals. Order reversed.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Bayard H. Ames (Walter Henry Wood, on the brief), for appellant. Joseph Gans, for respondent.

MILLER, J. This case is like the case of Kelly v. New York City Railway Company, 106 N. Y. Supp. 894 (decided herewith), except that the plaintiff is an infant and that the clerk of the attorney of record for the plaintiff procured her to sign a writing authorizing said attorney to bring suit. She says that she did not understand the contents of the paper signed by her, and that she wishes the action discontinued. Said clerk states that he was informed by the plaintiff that she was over 21 years of age. Her reason for deceiving her attorney, if she understood that she was employing one, is not apparent. But, irrespective of that, we think the court should not compel an infant, for whom no guardian ad litem has been appointed, to prosecute an action which she wishes to discontinue.

The motion should be granted.

Order reversed, with $10 costs and disbursements, and motion granted, with $10 costs, payable by the attorney for the respondent. All concur.