# HUTCHINSON *v.* WORTHINGTON.

ATTORNEY AND CLIENT; PRIORITY OF LIEN OF ATTORNEY ON A JUDGMENT RECOVERED; WAIVER.

1. A contract between attorneys and their client that the attorneys shall receive for their services a proportion of the amount recovered in a suit, constitutes a valid lien upon a fund realized from a judgment recovered therein, which lien attaches immediately upon the rendition of the judgment and is superior to all other liens, no matter how created.

2. Where such a judgment is assigned by the judgment debtor on the day it is recovered, upon an agreement by the assignee that he will pay the attorneys' fees first out of the proceeds of the judgment, the attorneys' acquiescence in such assignment will not constitute a waiver of their lien upon the judgment.

No. 509.   Submitted December 6, 1895.   Decided January 14, 1896.

HEARING on an appeal from a decree on a bill of interpleader to determine the rights of the parties to the proceeds of a judgment.   *Affirmed.*

The facts are sufficiently stated in the opinion.

*Messrs. Webb & Webb* for the appellant.

*Mr. Edward S. McCalmont* and *Mr. Chapin Brown* for the appellees.

Mr. Justice SHEPARD delivered the opinion of the Court:

This is the first of two appeals growing out of one general suit.    The controversy arose out of conflicting claims to the proceeds of a judgment for $4,700 recovered in the Supreme Court of the District of Columbia, on March 15, 1892, by Samuel P. Brown against the Pennsylvania Railroad Company in an action of damages for personal injuries.

On the day that the verdict in said cause was returned, and upon which also the judgment purports to have been rendered, it was assigned by the said Samuel P. Brown to his son, Chapin Brown, subject to the claim of the appellees, Augustus S. Worthington and Mills Dean, to one-fourth thereof, on account of a contract for legal services rendered in the prosecution of the suit; and the clerk of the court was ordered to enter the said judgment to the use of said Chapin Brown.

On the same day, Eliza C. Hutchinson, executrix of Hayward M. Hutchinson, deceased, caused attachments to be issued to, and served upon, the said railroad company, upon three judgments that had been previously recovered by her against the said Samuel P. Brown in the Supreme Court of the District of Columbia.    Those judgments remained unsatisfied to an amount larger, in the aggregate, than the judgment sought to be subjected to their payment.

The Pennsylvania Railroad Company filed the bill in this cause against all of the parties, setting out briefly the facts aforesaid, and praying that they be compelled to interplead, and for other appropriate relief.    The money due by it on the judgment, less costs allowed, has been deposited in the registry of the court.

The controversy with respect to the lien claimed by appellees, as attorneys, was first heard, and a decree was passed directing the clerk to pay them out of the fund in the registry of the court the sum of $1,175, the same being one-fourth of the amount of the judgment as rendered.

The hearing, as between the appellant and the defendants, Chapin Brown and Samuel P. Brown, was postponed for the taking of additional evidence.

The proof is clear that the appellees had a valid contract with Samuel P. Brown, made at the time of the institution of his suit, by which they were to receive one-fourth of whatever amount might be recovered therein. They looked to the fund and not to the personal responsibility of their client. This contract constituted a valid lien upon the fund. *Wylie* v. *Coxe*, 15 How. 415. It attached immediately upon the rendition of the judgment, and is superior to all others, no matter how created. Appellant does not deny that the contract for their services gave appellees a lien upon the money recovered; but contends that they have lost the same by reason of their assent to the assignment of the judgment to Chapin Brown.

There is nothing substantial in this contention. The assignment to Chapin Brown was unquestionably subject to the aforesaid lien in favor of appellees. That he contracted with his assignor to pay their fees first, out of the proceeds of the judgment, and that they may have been content to rely upon his doing so, without taking action on their own behalf at the time, cannot affect their rights. There is nothing inconsistent between their acquiescence in the asignment, as made, and the continued assertion of their independent and superior right. They received nothing and relinquished nothing. There is nothing in their conduct, throughout the entire transaction, upon which a reasonable presumption of waiver can be founded.

The decree must therefore be *affirmed, with costs to the appellees; and it is so ordered.*