## THURSTON v. BULLOWA.

ATTORNEY AND CLIENT; CONTRACTS; ASSIGNMENTS; LIENS.

1. An attorney's lien can be established under one of three conditions:
   First, where a distinct proportion or percentage of the fund recov-
   ered has been by agreement assigned or set aside for the payment
   of the fee of the attorney; second, where a judgment has been recov-
   ered by the attorney, or moneys are payable thereon, or there is a
   fund in court against which a "charging lien" may arise, and, third,
   where the attorney is rightfully in possession of money or papers
   belonging to his client subject to a "retaining" or "possessory" lien.

2. An agreement whereby an attorney's compensation for the prosecution
   of a claim against a decedent's estate is to be a sum at least equal
   to one third of the recovery does not amount to such an assignment
   or setting aside of a distinct percentage of the fund as to render
   it subject to the enforcement of an attorney's lien.

3. A charging lien for an attorney's fee can only be asserted against a judgment secured in the particular suit in which the services were rendered.

4. The compromise of a suit upon a claim against a decedent's estate, followed neither by judgment nor by payment of money into court, affords no occasion for the enforcement of an attorney's lien. (Citing *Parish* v. *McGowan*, 39 App. D. C. 184.)

5. The compromise of a suit upon a claim against a decedent's estate does not entitle attorneys who were engaged to collect it by one who held a power of attorney from the claimant for its collection, to a lien upon a judgment directing the decedent's executor to make payment to the claimant, rendered in an action by the claimant with which the lienors were not connected, to set aside the wrongful assignment by the holder of the power of attorney, of the compromised claim; nor can they enforce the lien against a part of the sum paid in pursuance of the judgment, which the attorney recovering the same deposited in a bank to the credit of himself and another.

No. 2601. Submitted February 3, 1914. Decided March 2, 1914.

HEARING on an appeal by the defendant from a decree of the Supreme Court of the District of Columbia, holding an equity term, awarding to plaintiffs a certain amount in full for the balance due for professional services rendered by them.

*Reversed.*

The COURT in the opinion stated the facts as follows:

Appellees Emilie M. Bullowa, Wilton J. Lambert and Daniel W. Baker, filed a bill in equity in the supreme court of the District of Columbia to enforce an alleged equitable lien for attorneys' fees.

It appears that Henry W. Thurston had a claim against the estate of one McKay, amounting to about forty-eight thousand dollars. One Clark had a claim against the same estate for three thousand dollars. Clark employed plaintiff Bullowa, an attorney in New York city, to collect his claim. Bullowa employed plaintiffs Lambert and Baker as associate counsel to assist in the suit. They filed a petition for letters of collection on the McKay estate. Before a collector was appointed, Clark

secured a power of attorney from Thurston to represent him, on a commission of ten per cent, in recovering his claim of about forty-eight thousand dollars from the McKay estate. Clark then employed Bullowa in this claim, who, in turn, employed Lambert and Baker to assist.

It appears, though not important in this connection, that Thurston had notice of plaintiffs' employment. The proceeding in court on Clark's claim was now abandoned, and suits in equity and at law, based upon both the Clark and Thurston claims, were filed. The claim of Thurston was compromised, without judgment, for twelve thousand, five hundred dollars, and the probate court authorized the executors of McKay to accept the compromise. Out of the twelve thousand, five hundred dollars, plaintiffs received the sum of two thousand dollars, and accepted, as part of the settlement, a bond and mortgage on Thurston's home in New Jersey at the value of three thousand and ninety dollars. Clark then assigned the bond and mortgage to one Black, and for a consideration of seven thousand dollars assigned to one McLellan the balance of the claim against the McKay estate, amounting to seven thousand, four hundred and ten dollars.

Subsequently, in a suit by Thurston, in which he was represented by Charles F. Diggs, an attorney of this city, the assignment from Clark to McLellan was set aside, and a decree entered (the first judgment affecting this fund) requiring the executors of McKay to pay to Thurston the sum of seven thousand, four hundred and ten dollars. This money was paid to Diggs, who entered into an agreement with Lambert to deposit twenty-five hundred dollars of it in the Commercial National Bank, of this city, to the credit of Diggs and Lambert. Over fifteen hundred dollars more was paid out by Diggs for attorneys' fees and other expenses, and the balance, thirty-five hundred dollars, was paid to Thurston's widow, defendant here, to whom the claim in the meantime had been assigned.

Defendant Thurston refused to settle with plaintiffs, and the present suit was brought to enforce an equitable lien against the fund in the hands of Diggs and Lambert, whom the court.

in response to the prayers of the bill, made parties defendant. Plaintiffs claim a fee of four thousand, one hundred and sixty-six dollars, being one third of the amount recovered in the original compromise with the executors of McKay, which, after crediting the two thousand dollars paid at the time the compromise was effected, leaves a balance of two thousand, one hundred and sixty-six dollars, for which judgment was decreed in the court below, and from which judgment defendant Sarah J. Thurston has appealed.

*Mr. Fulton Lewis* and *Mr. John Ridout* for the appellant.

*Mr. R. H. Yeatman, Mr. Wilton J. Lambert, Mr. Daniel W. Baker,* and *Mr. Frank S. Bright* for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

An attorneys' lien can be established under one of three conditions: First, where a distinct proportion or percentage of the fund recovered has been by agreement assigned or set aside for the payment of the fee of the attorney; second, where a judgment has been recovered by the attorney, or moneys are payable thereon, or there is a fund in court against which a "charging lien" may arise, and, third, where the attorney is rightfully in possession of money or papers belonging to his client subject to a "retaining" or "possessory" lien.

It is clear, we think, that plaintiffs cannot recover on the first ground. Plaintiff Lambert testified that "the fees to be received for the prosecution of the claim were entirely contingent and it was so understood. Nothing was paid on account of retainer and nothing was agreed upon to be paid at all, except upon a contingent basis in event of recovery. My recollection is that it was discussed and was to be an amount of at least a sum equal to one third of what would be recovered, and I have a definite recollection on that point relative to later negotiations." To constitute such an assignment, the agreement must be to pay the attorney a specific amount or

percentage out of the fund recovered, or words equivalent, which clearly import an intention of the parties to make the fund liable for the attorney's fee. The distinction is clearly pointed out by Mr. Justice Harlan in *Nutt* v. *Knut,* 200 U. S. 12, 50 L. ed. 348, 26 Sup. Ct. Rep. 216, as follows: "There is a provision in the contract of 1882 which can stand alone and which was not in violation of the statute, namely, the one evidencing an agreement on the part of Nutt's executrix to pay to the attorney for his services a sum equal to 33⅓ per cent of the amount allowed on the claim. *Wylie* v. *Coxe,* 15 How. 415, 14 L. ed. 753; *Wright* v. *Tebbitts,* 91 U. S. 252, 23 L. ed. 320; *Taylor* v. *Bemiss,* 110 U. S. 42, 28 L. ed. 64, 3 Sup. Ct. Rep. 441. Such an agreement did not give the attorney any interest or share in the claim itself nor any interest in the particular money paid over to the claimant by the government."

This rule has not in the least been modified in the late case of *Barnes* v. *Alexander,* 232 U. S. 117, 58 L. ed. —, 34 Sup. Ct. Rep. 276. In that case the agreement was "that the lawyers should have as their compensation one fourth of all that was received by the said defendants." Construing this language as impressing a lien upon the fund recovered, the court said: "The obligation of Barnes was as definitely limited to payment out of the fund as if the limitation had been stated in words, and therefore creates a lien upon the principle not only of *Wylie* v. *Coxe,* supra, but of *Ingersoll* v. *Coram,* 211 U. S. 335, 365–368, 53 L. ed. 208, 228–230, 29 Sup. Ct. Rep. 92, which cites it and later cases. See further to the same point, *Burn* v. *Carvalho,* 4 Myl. & C. 690, 702, 703, 3 Jur. 1141; *Rodick* v. *Gandell,* 1 De G. M. & G. 763, 777, 778, 12 Beav. 325, 19 L. J. Ch. N. S. 113, 13 Jur. 1087; *Harwood* v. *LaGrange,* 137 N. Y. 538, 540, 32 N. E. 1000. It is suggested that there is an American doctrine opposed to that which is established in England. We know of no such opposition. There is or ought to be but one rule, that suggested by plain good sense." This decision follows the ruling in the early case of *Wylie* v. *Coxe,* supra, where the contract was that "complainant was to

receive a contingent fee of five per centum, out of the fund awarded." This constituted, as in the *Barnes Case,* an agreement for a fixed proportion of the fund recovered. In no case to which our attention has been called has a contract for an amount equivalent to a certain proportion of the amount recovered been held to create a lien by assignment against the fund.

Plaintiffs have no better standing on the second ground stated. The compromise never ripened into a judgment. All it accomplished was to fix the amount of the claim against the estate of McKay. No judgment was entered and no money paid into court as the result of the compromise; hence there was nothing against which an attorney's lien could be enforced. *Lamont* v. *Washington & G. R. Co.* 2 Mackey, 502, 47 Am. Rep. 268; *Parish* v. *McGowan,* 39 App. D. C. 184. In fact, Clark, plaintiffs' real client, with the assistance of plaintiff Bullowa, wrongfully assigned away the claim against the McKay estate, established by the compromise, to one McLellan, and it took a separate suit by Thurston, in which plaintiffs took no part and in which large attorney's fees were paid, to recover back the money from McLellan. *Thurston* v. *McLellan,* 34 App. D. C. 294.

It is well settled that a charging lien for an attorney's fee can only be asserted against a judgment secured in the particular suit in which the services were rendered. In *Re Wilson,* 12 Fed. 235, Mr. Justice Brown said: "After examination of the numerous authorities on this subject, English and American, I am satisfied that the claim of the petitioner cannot be sustained, and that an attorney has no general lien upon an uncollected judgment for services in other suits, but only a particular lien for his costs and compensation in that particular cause." No judgment having been taken in the compromise, there was nothing against which a lien could be enforced. The judgment against Clark and McLellan was in a different proceeding, and was not, therefore, subject to a lien in the interest of plaintiffs.

Neither is the fund of twenty-five hundred dollars deposited

in the Commercial National Bank to the credit of Lambert and Diggs a fund in court subject to the lien here sought to be established. It was derived from a judgment in the suit of *Thurstorn* v. *McLellan,* supra, in which plaintiffs took no part as attorneys. Like a judgment, the lien can only be enforced against a fund in the control of the court, recovered in the cause in which the attorney's fees are incurred. *Bozon* v. *Bolland,* 4 Myl. & C. 354, 359, 9 L. J. Ch. N. S. 123, 3 Jur. 884, 4 Jur. 763. The fund in bank to the credit of Lambert and Diggs was not recovered as the result of the compromise. It must be assumed that the executors of McKay stood ready to settle on the basis of the compromise, but Clark, with the assistance of plaintiff Bullowa, by the assignment to McLellan, rendered that course impossible, until the court in the judgment against Clark and McLellan ordered payment to Thurston. This fund, when paid to Thurston's attorney, Diggs, in satisfaction of the judgment, was no longer under the control of the court, and therefore could not be subjected to the satisfaction of plaintiffs' claim, as was decreed by the court below. In *Lann* v. *Church,* 4 Madd. Ch. 391, the Vice Chancellor said that he "had not been able to find any case in which it had been held that a solicitor had any lien on the fund recovered in the cause, except for his costs incurred in such cause."

We have not considered the equitable status of plaintiffs to maintain this action in the light of the contract between Lambert and Diggs, by which the funds of defendant were impounded for the purpose of furnishing a basis for this suit; nor have we touched upon the effect of Clark's power of attorney from Thurston, under which he agreed to perform the services involved in this suit for ten per cent of the amount recovered, preferring rather to dispose of the case upon less delicate questions.

The decree is reversed with costs, and the cause is remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*

For motion to recall mandate, see post, p. 308.