**MELLON, Secretary of the Treasury, et al. v. JONES et al.**

No. 5154.

Court of Appeals of District of Columbia.

Argued June 2, 1931.

Decided June 29, 1931.

432

L. A. Rover, J. W. Fihelly, and W. A. Gallagher, all of Washington, D. C., for appellants.

H. J. Gerrity, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and HITZ and GRONER, Associate Justices.

MARTIN, Chief Justice.

Appeal from a decree entered upon bill and answer, appointing a receiver to collect from the United States Treasury certain funds held to the credit of Stanislaus P. de Ridder, as an award under the Settlement of War Claims Act of 1928 (45 Stat. 254), and ordering payment of 20 per cent. thereof when received to appellees as attorneys for de Ridder for their services in securing the award.

The bill of complaint filed below by appellees, hereinafter called the plaintiffs, alleged that de Ridder, hereinafter called the claimant, is a citizen of the United States and a resident of Kentucky; that he asserted a claim against Germany for damages resulting from the destruction by submarine of the American schooner Jacob M. Haskell in which he owned a certain interest; that on December 4, 1922, the claimant authorized plaintiffs as his attorneys to prosecute his claim before the Mixed Claims Commission, and they accepted the employment under an agreement whereby claimant was to pay for such services only in event an award was made in his favor and payment thereof secured; that afterwards an award in the sum of $3,488.28 was secured for claimant through the efforts of plaintiffs as his attorneys, and this amount was duly certified to the Secretary of the Treasury and is payable to claimant; that upon application of claimant the American Commissioner of the Mixed Claims Commission, acting under section 9 of the Settlement of War Claims Act, fixed as a reasonable fee to be paid by claimant to plaintiffs "an amount equal to twenty per cent of the amount" received by him in payment of the award; that claimant, nevertheless, is now about to file an application for payment to him of the full amount of the award independently of plaintiffs, in order to deprive plaintiffs of "their lien" upon said warrant and to remove the funds from the jurisdiction of this court, "and make onerous and uncertain" the enforcement of plaintiffs' rights against claimant; that the funds for the payment of the award have been made available by law, and the Secretary of the Treasury has been authorized and directed to perform the ministerial duty of paying the same, and unless prevented by the order of this court will draw a warrant on the Treasury payable to claimant's order, and as a result the funds will leave the jurisdiction of this court and go into the hands of claimant, and plaintiffs will thereby lose "their equitable lien upon the check or warrant in payment of said award and will suffer irreparable loss and damage." The prayer of the bill was for the appointment of a receiver to collect the amount of the award from the Secretary of the Treasury and the Treasurer of the United States, and pay the counsel fees therefrom, and for general relief.

A subpoena was issued for the defendants, and was returned "not to be found" as to de Ridder, but served upon the other persons named. An affidavit as to the nonresidence of de Ridder was filed by plaintiffs, and an order of publication was issued, publication was made, and proof thereof filed. No other service upon de Ridder was ever made, nor did he enter his appearance in any manner in the case.

A motion to dismiss the bill of complaint was filed by the Secretary of the Treasury and the Treasurer upon the ground that the court had no jurisdiction over the subject-matter of the bill, and for other grounds stated therein. The motion was overruled, and an answer was filed by them alleging that they could not lawfully pay the award to a receiver or to any person except de Ridder as the individual named in the award.

The lower court then entered a "decree pro confesso" against de Ridder, describing him as a nonresident of the District of Columbia, having been duly served by publication, and having failed to cause his appearance to be entered in the case, and decreed that the averments of the bill should be taken as confessed by him. The court thereupon entered a final decree appointing a receiver and directing him forthwith to file an application with the Secretary of the Treasury for the immediate payment to him of the amount of the award, and that upon the payment thereof the receiver should pay over to the plaintiffs an amount equal to 20 per cent. of the amount received from the Treasury Department. Whereupon the present appeal

was taken by the Secretary of the Treasury and the Treasurer of the United States.

We think the decree of the lower court is erroneous.

██ The bill of complaint utterly fails to allege any agreement between the client and the attorneys that the latter should have a lien for their fees upon the award secured by their services, nor is it alleged that the fees were to be paid out of such proceeds. The bill does not disclose whether the contract of employment was in writing or parol, but simply states that the attorneys undertook the prosecution of the claim under an agreement whereby the client was to pay for their services only in event an award by the Mixed Claims Commission was made in his favor and payment thereof secured. This does not state facts sufficient to entitle the attorneys to a lien for their fees upon the funds recovered while in the possession of the Treasury, nor did such a lien result from the action of the American Commissioner in fixing the amount of the fees, nor is there any provision in the Settlement of War Claims Act of 1928 which creates or establishes such a lien.

In Wright v. Ellison, 1 Wall. 16, 17 L. Ed. 555, a case arising in the District of Columbia relating to a claim by an attorney in fact for a lien for his compensation upon an award secured by his services, it was held by the Supreme Court of the United States that to constitute an equitable lien on a fund there must be some distinct appropriation of the fund by the debtor; that it is not enough that the fund may have been created through the efforts and outlays of the party claiming the lien. See Christmas v. Russell, 14 Wall. 69, 20 L. Ed. 762; Dillon v. Barnard, 21 Wall. 430, 22 L. Ed. 673; Peugh v. Porter, 112 U. S. 737, 741, 5 S. Ct. 361, 28 L. Ed. 859.

In Trist v. Child, 21 Wall. 441, 447, 22 L. Ed. 623, it was said by the court: "It is well settled that an order to pay a debt out of a particular fund belonging to the debtor gives to the creditor a specific equitable lien upon the fund, and binds it in the hands of the drawee. A part of the particular fund may be assigned by an order, and the payee may enforce payment of the amount against the drawee. But a mere agreement to pay out of such fund is not sufficient. Something more is necessary. There must be an appropriation of the fund pro tanto, either by giving an order or by transferring it otherwise in such a manner that the holder is authorized to pay the amount directly to the creditor

without the further intervention of the debtor."

In Porter v. White, 127 U. S. 235, 8 S. Ct. 1217, 32 L. Ed. 112, it was held by the court on the facts, that the plaintiff in a suit in equity had not established his right to a decree that he was entitled to the one-half of the attorney's fees in an award against Mexico by the joint United States and Mexican commission, which fees had been collected by the defendant, for the reason that the plaintiff had failed to establish any equitable lien on the fund by showing any distinct appropriation of a part of it in his favor, or any agreement that he should be paid out of it. Citing Wright v. Ellison, supra; Trist v. Child, supra; Peugh v. Porter, supra.

In Nutt v. Knut, 200 U. S. 13, 26 S. Ct. 216, 219, 50 L. Ed. 348, relating to a contract whereby an attorney was to receive for his services, "a sum equal to 33⅓ per cent of the amount allowed on the claim," the court said, "Such an agreement did not give the attorney any interest or share in the claim itself, nor any interest in the particular money paid over to the claimant by the government. It only established an agreed basis for any settlement that might be made, after the allowance and payment of the claim, as to the attorney's compensation."

See De Winter v. Thomas, 34 App. D. C. 80, 27 L. R. A. (N. S.) 634; Taylor v. Wharton, 43 App. D. C. 104; Lindberg v. Humphrey, 53 App. D. C. 243, 289 F. 901.

The instant case is unlike Houston v. Ormes, 252 U. S. 469, 40 S. Ct. 369, 64 L. Ed. 667, and Mellon v. Orinoco Iron Company, 266 U. S. 121, 45 S. Ct. 53, 69 L. Ed. 199, cited by appellees, inasmuch as in those cases the owner of the fund in question personally appeared in the case, whereas de Ridder did not so appear here.

██ In the present case, it may be repeated, the appellants did not claim that their contract of employment specified the amount to be paid for their services, nor that it was to be secured by a lien upon the award, nor that the fees were to be paid out of the funds so recovered. It follows that the funds now held for claimant in the United States Treasury are not subject to a lien in behalf of his attorneys. It is also the law that "The debts due from the government of the United States have no locality at the seat of government." Vaughan v. Northup, 15 Pet. 1, 6, 10 L. Ed. 639; Wyman, Treas. v. Halstead, 109 U. S. 654, 3 S. Ct. 417, 27 L. Ed. 1068; U. S. v. Borcherling, 185 U. S. 223, 22 S. Ct. 607,

46 L. Ed. 884. "If there was no lien, there was no jurisdiction in equity." Trist v. Child, supra; Lindberg v. Humphrey, supra. The attempt to secure jurisdiction over de Ridder by publication was therefore erroneous; the court obtained no jurisdiction over him, and the order appointing a receiver and for a distribution of the fund is void.

The decree appealed from is reversed, and the cause is remanded to the lower court, with directions to dismiss the bill of complaint.