**PINK et al. v. FARRINGTON et al.***
No. 6873.

United States Court of Appeals for the
District of Columbia.
Argued May 6, 1937.
Decided June 28, 1937.

Joseph A. Carey, Ralph P. Dunn, Harrell O. Hoagland, Hubert G. King, R. L. Golze, Leslie C. Garnett, and H. L. Underwood, United States Attorneys, all of Washington, D. C., for appellants.

W. Gwynn Gardiner and James M. Earnest, both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

GRONER, J.

This suit was instituted in the District Court by appellees as plaintiffs against E. W. Clark, receiver of the Southern Surety Company of Iowa, the Secretary of the Treasury, the Treasurer of the United States, and the Comptroller General of the United States. Its purpose was to restrain the Secretary of the Treasury, the Treasurer, and the Comptroller General from disbursing the fund appropriated by Congress to pay a judgment for $25,707.15 recovered by Southern Surety Company of Iowa in the Court of Claims. The bill sought to establish an attorney's lien on the fund for professional services rendered by plaintiffs on behalf of the Southern Surety Company of Iowa in the procurement of the judgment. There were various preliminary proceedings including the intervention of new parties, which it is not necessary here to notice. The case was finally matured for hearing on the merits, and at the conclusion the court below entered a decree for plaintiffs for the amounts claimed by them respectively. This appeal is from that decree.

There are fifteen assignments of error, but in the view we take of the case we need only mention the first two. These are:

(1.) The court below erred in holding and decreeing that plaintiffs below are entitled to have an attorney's charging lien for their services impressed upon the fund appropriated by Congress for the payment of the judgment obtained by the Southern Surety Company of Iowa in the Court of Claims; and

(2.) The court erred in holding and determining that plaintiffs below had or have any lien, equitable or otherwise, upon the fund herein involved.

The trial judge found as a fact (5):

"The employment of the plaintiff firm to prosecute the claim of said Southern Surety Company of Iowa was made orally and without specific agreement as to the amount of its fee. The plaintiff Farrington was employed by said firm, acting through its member, J. L. Parrish, Sr., on the basis of a $50.00 per diem, and thereafter the Southern Surety Company of

*Writ of certiorari denied 58 S.Ct. 143, 82 L.Ed. ——.

Iowa executed and delivered to the plaintiff, Marvin Farrington, a power of attorney, which was filed by him in the United States Court of Claims pursuant to its rules."

The undisputed evidence shows that none of the plaintiffs had any agreement with the surety company for an assignment of any part of the fund recovered, nor any agreement for a lien thereon. The firm of Parrish, Cohen, Guthrie & Watters were the general counsel of the surety company. Mr. Guthrie of the firm testified his firm was on a yearly retainer basis for general services but received a per diem compensation for services such as those involved here, and Mr. Farrington, the Washington attorney, was associated by the Iowa firm under an arrangement for $50 per day "and if this case goes as I think it will, [one of the partners told Farrington] of course, the fee will be made reasonable."

After the Court of Claims judgment, the Iowa company became insolvent and was placed in the hands of a receiver, and in that proceeding plaintiffs proved their respective claims. Their claims were allowed, and on each a small dividend was paid.

█ In view of the undisputed facts that plaintiffs' employment was wholly on a quantum meruit basis; was not expressly or by implication agreed to be secured by a lien on the fund; was not agreed to be paid out of the fund; and that counsel looked wholly to the personal responsibility of the client for payment, we are of the opinion that the claim for a lien on the fund cannot be sustained.

At common law an attorney had what is known as a charging lien on the judgment or decree obtained for his client for services rendered in procuring it to the extent of his taxable costs and expenses. In many of the United States an attorney's charging lien is created by statute, and is, of course, limited by its terms. In some of the states in which there is no statute the attorney's lien has been extended by court decision to cover reasonable compensation for his services, and in those jurisdictions it is held that such lien may be enforced by resort to equity.

█ In the District of Columbia there is no statute, but the rule on the subject has been stated to be that it is an indispensable condition to the establishment of an attorney's lien on a particular fund—not in possession—that there should be a distinct appropriation of the fund by the client, or an agreement that the attorney should be paid out of it. This rule is now the established law in this jurisdiction. In Hutchinson v. Worthington, 7 App.D.C. 548, we held in a case in which the contract was that the attorney should receive one-fourth of the amount recovered, that he was entitled to a lien, but we were careful to say that this was true because the contract showed that he looked to the fund and not to the personal responsibility of the client. In De Winter v. Thomas, 34 App.D.C. 80, 27 L.R.A.(N.S.) 634, a similar case, we again said that, "it must appear either expressly or by necessary implication that the other contracting party looked to the fund itself for payment, and did not rely upon the personal responsibility of the owner of the claim." The same rule was announced in Lindberg v. Humphrey, 53 App.D.C. 243, 289 F. 901.

And in Mellon v. Jones, 60 App.D.C. 269, 51 F.(2d) 431, we reviewed most of the cases in this court and in the Supreme Court and reached the same result. That was a case in which an attorney claimed a lien on a fund in the hands of the Treasurer of the United States, and in that respect was similar to the instant case. We held the fund in the hands of the Treasurer not subject to a lien in behalf of the attorney because the contract failed to provide for a lien upon the award or for payment of the fee out of the fund recovered.

The same rule has prevailed in the Supreme Court since Wright v. Ellison (1864) 1 Wall. 16, 22, 17 L.Ed. 555. Wright had received a power of attorney to prosecute a claim against the Brazilian government. The prosecution was unsuccessful in the Brazilian courts so Wright come to the United States, and as the result of his efforts this government made a demand for indemnity which was paid under a treaty subsequently made. The court stated the question to be whether the complainant had shown himself entitled to an equitable lien upon the fund, and in answer to this question said:

"The evidence in the case is wholly silent as to any agreement touching the compensation of the complainant. It is nowhere intimated what he was to receive, or when or how he was to be paid. No established usage is shown. The matter seems to have been left to rest upon the principle of quantum meruit, and to be

settled by the agreement of the parties when the business was brought to a close. The doctrine of equitable assignments is a comprehensive one, but it is not broad enough to include this case. It is indispensable to a lien thus created, that there should be a distinct appropriation of the fund by the debtor, and an agreement that the creditor should be paid out of it."

The rule stated in the Wright Case has not been modified so far as we are advised, but, on the contrary, is restated in Trist v. Child, 21 Wall. 441, 447, 22 L. Ed. 623; Peugh v. Porter, 112 U.S. 737, 742, 5 S.Ct. 361, 28 L.Ed. 859; Porter v. White, 127 U.S. 235, 245, 8 S.Ct. 1217, 32 L.Ed. 112; Nutt v. Knut, 200 U.S. 12, 26 S.Ct. 216, 50 L.Ed. 348; Ingersoll v. Coram, 211 U.S. 335, 29 S.Ct. 92, 53 L.Ed. 208; Barnes v. Alexander, 232 U.S. 117, 34 S.Ct. 276, 58 L.Ed. 530.

In all the cases above in which the claimed lien was sustained, the ground on which the decision was placed was that the obligation or contract of service definitely limited the payment to the fund. Here, as we have seen, there was a verbal contract of employment with no fixed fee, with no understanding, expressed or implied, that the attorney would have a lien on the fund, and, on the contrary, there are circumstances surrounding the employment which clearly negative any implication that it was the intention of the parties that the attorney should look to the recovery for payment of his compensation. It is true that in Thurston v. Bullowa, 42 App.D.C. 18, on which appellees largely rely, we said that an attorney's charging lien might—irrespective of agreement—be established against a judgment recovered by the attorney; but that statement was unnecessary in the decision of the case and is contrary to the rule as it existed and still exists in the District of Columbia. We, therefore, expressly overrule what was said in that case. It is our view that, except under statute (which we do not have in this jurisdiction) or where the fund out of which payment of compensation is sought is in court and under the control of the judge or chancellor (which is not the situation here), the nonpossessory lien of an attorney is a creature of contract; that while it is not necessary that there be an outright legal assignment of the judgment to the attorney, it is indispensable that there exist between the client and his attorney an agreement from which the conclusion may reasonably be reached that they contracted with the understanding that the attorney's charges were to be paid out of the judgment recovered. Under these circumstances, we think the court below was in error in allowing the lien.

Decree reversed.