**LYMAN v. CAMPBELL et al.**

No. 10412.

United States Court of Appeals
District of Columbia Circuit.

Argued March 10, 1950.

Decided May 22, 1950.

Mr. Joseph J. Lyman, Washington, D. C., pro se.

Mr. Lyle M. Turner, Special Assistant to the Attorney General, of the Bar of the Supreme Court of Missouri, pro hac vice, by special leave of Court, with whom Messrs. Ellis N. Slack, Special Assistant to the Attorney General, and George Morris Fay, United States Attorney, Washington, D. C., were on the brief for appellee United States of America.

Messrs. Joseph M. Howard and Joseph F. Goetten, Assistant United States Attorneys, Washington, D. C., also entered appearances for appellee United States of America.

No appearance for appellee Campbell.

Before PRETTYMAN, PROCTOR and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

This appeal is by an attorney who seeks to establish and enforce an attorney's lien. The record is meagre. Appellant's description of the facts is as follows: "On April 29, 1946, five plaintiffs filed an action against the United States to recover an overpayment of Social Security taxes erroneously assessed and collected. The United States answered denying the overpayment. The plaintiffs were represented by the appellant, who entered into contingent fee arrangements with the plaintiffs. No counterclaim was filed by the United States. In November, 1948, the United States consented to make the refunds and checks were drawn on the Treasury of the United States to the order of each of the plaintiffs for the amounts due them. The refund checks were delivered to each of the plaintiffs except one, Vollmer H. Campbell. He was directed by the Collector of Internal Revenue to indorse his check and was advised that the full amount, $1,105.06, would be applied to his alleged deficiency [in Federal income tax payments] which was then and is now in litigation in the Tax Court of the United States. When appellant learned of the Collector's intended action, he filed a formal notice of his attorney's lien. Subsequent to the filing of this notice, the Collector applied the proceeds of Campbell's check, including that portion constituting appellant's lien to Campbell's alleged deficiency. On March 9, 1949, appellant and government counsel appeared before the pre-trial judge to dispose of the case since the United States had consented to make the refunds of taxes. At that time appellant moved orally for recognition and enforcement of his attorney's lien. Appellant's motion was denied on the ground that the recognition of such lien would be tantamount to a judgment against the United States and the court was without jurisdiction to pass upon the matter. Later,

on June 2, 1949, the pre-trial judge, on his own motion dismissed the case for want of prosecution. The court took the position that all the refunds had been made although it had ruled on March 9, 1949, that plaintiff Vollmer H. Campbell had not yet received his refund. This appeal is taken from the order of March 9, 1949 only; the order of June 2, 1949, dismissing the case for want of prosecution, had no effect upon appellant's rights and is not considered here."

At oral argument, it further appeared that after the refund check had been prepared, the Collector's office notified Campbell that the check was ready, but that by reason of the income tax deficiency it would be canceled and not delivered—unless Campbell would agree to receive it only momentarily, for the purpose of endorsing it and returning it to the Collector to be applied against the income tax claim. Campbell appeared at the Collector's office, and this procedure was carried out. There is no suggestion that the Collector's office was motivated by anything other than a desire to avoid making a payment to a taxpayer who was regarded as being indebted to the United States, in a larger amount, for an income tax deficiency. Nor is it suggested that Campbell acted with the purpose of defeating the attorney's claim, or colluded to that end.[1]

Viewing the situation in the light most favorable to the appellant, and assuming that Campbell took the action described above after the filing of the "notice of lien" in the District Court, but against the advice of his counsel, or even without counsel's knowledge, we must nevertheless conclude that appellant's motion for enforcement of a lien was properly denied.

At common law there were two types of attorney's liens: The retaining lien and the charging lien. The retaining lien attached to the papers and moneys of

---

1. Cf. Randall v. Van Wagenen, 115 N.Y. 527, 531–532, 22 N.E. 361, 362, 12 Am. St.Rep. 828; Lamont v. Washington & G. R. R. Co., 2 Mackey, D.C. 502, 506, 47 Am.Rep. 268. We may note in this regard that the appellant here apparently is continuing to represent Campbell in the litigation in the Tax Court. There is no suggestion that in the Tax Court Campbell will disavow the set-off effected by the endorsement of the check, or fail in any way to claim the full benefit of the arrangement.

the client, coming into the possession of the attorney in the course of his employment and as a part of the litigation. A bond or check coming in that fashion into the attorney's possession might well be made the subject of a retaining lien. See McPherson v. Cox, 96 U.S. 404, 417, 24 L.Ed. 746. But such a lien is passive, and is dependent upon the attorney's obtaining and keeping possession. Lamont v. Washington & G. R. R. Co., 2 Mackey, D.C., 502, 47 Am.Rep. 268. See, also, Brown, Personal Property (1936) § 115. The appellant here does not appear to claim a retaining lien, and indeed it is difficult to see how he could do so under the present circumstances.

■ The charging lien at common law was applicable to a judgment or decree obtained for a client by an attorney; it was not strictly a possessory lien, but was "merely a claim to the equitable interference by the court to have that judgment held as security for his debt [the attorney's charges against the client]." Barker v. St. Quintin, 12 M. & W. 441 (1844), per Baron Parke. This claim to "equitable interference by the court" did not arise until a judgment or decree had been obtained; prior to that time, the client could settle the case. Lamont v. Washington & G. R. R. Co., supra. In the present case, of course, no judgment or decree was obtained; there was only a pending suit, which has been dismissed. Nor have any funds ever come into the court's possession over which it could conceivably exercise equitable control.

■ In any event, we must point out that the rule prevailing in this jurisdiction regarding charging liens is narrower than that prevailing at common law. In this District it is settled that a charging lien does not attach to a particular fund, not in the attorney's possession, unless there is "a distinct appropriation of the fund by the client, or an agreement that the attorney should be paid out of it," even though it is undisputed that a judgment or decree has been obtained through the attorney's ef-

forts. Pink v. Farrington, 67 App.D.C. 314, at 315, 92 F.2d 465, certiorari denied 302 U.S. 741, 58 S.Ct. 143, 82 L.Ed. 572. No such appropriation or agreement has been alleged in this case, and in fact appellant contends in his brief that his claim does not arise by virtue of any assignment, but is "an attorney's equitable lien" which "attaches to the funds which result from the prosecution of a claim."

■ We have not been advised of any decisions in this or any other jurisdiction in which the courts have in the absence of statute granted relief to an attorney situated as the appellant is in this case, namely, where settlement has been effected through set-off, prior to the obtaining of a judgment or decree, and where no conspiracy to defeat the attorney's claim has been charged. We believe that under the facts presented, and on the basis of the well-established authorities in this field,[2] the District Court was right in denying the appellant's motion. The appellant must look to his client for compensation.

The foregoing is sufficient in our view to dispose of the present case. The Government, however, argues that any relief which the District Court could grant would have to be based on an independent claim of the appellant against the United States; that the United States has not agreed to the enforcement of any claim by appellant against it; and that to the extent that appellant's asserted lien rests upon an equitable assignment to him of an interest in Campbell's claim against the United States, the claim of lien is untenable by virtue of section 3477 of the Revised Statutes. Citation is made to Nutt v. Knut, 200 U.S. 12, 26 S.Ct. 216, 50 L.Ed. 348; Trist v. Child, 21 Wall. 441, 447, 22 L.Ed. 623; McGowan v. Parish, 237 U.S. 285, 35 S.Ct. 543, 59 L.Ed. 955; Lindberg v. Humphrey, 53 App.D.C. 243, 289 F. 901; Spofford v. Kirk, 97 U.S. 484, 24 L.Ed. 1032; Calhoun v. Massie, 253 U.S. 170, 40 S.Ct. 474, 64 L.Ed. 843. We deem it unnecessary to discuss this contention.

Affirmed.

2. As we have noted, even under the more generous rule as to attorney's liens which existed at common law, appellant's claim would not satisfy the prerequisites to establishing a lien. See Thurston v. Bullowa, 42 App.D.C. 18, modified by Pink v. Farrington, supra.