**UNITED STATES of America, Asset Forfeiture and Money Laundering Section, Criminal Division, Appellee**

v.

**ALL ASSETS HELD IN THE INVESTMENT PORTFOLIO OF BLUE HOLDING (1) PTE. LTD., ON BEHALF OF or TRACEABLE TO RID-LEY GROUP LIMITED and/or The Ridley Trust, at J.O. Hambro Investment Management Limited and All Interest, Benefits, or Assets Traceable Thereto, et al., Appellees**

**Godson M. Nnaka and Federal Republic of Nigeria, Appellants**

No. 16-5025
Consolidated with 16-5283
September Term, 2017

United States Court of Appeals, District of Columbia Circuit.

Filed On: February 6, 2018

Elizabeth A. Aloi, Michael Khoo, Trial Attorneys, U.S. Department of Justice, (DOJ) Criminal Division, Public Integrity Section, Washington, DC, for Plaintiff-Appellee

Benneth O. Amadi, Esquire, Attorney, Amadi Law Office, Lynn, MA, for Claimants-Appellants Godson M. Nnaka, Federal Republic of Nigeria

Before: Rogers and Tatel, Circuit Judges, and Edwards, Senior Circuit Judge.

## JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the parties' briefs and filings in this court. See FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The court has accorded the issues full consideration and determined that they do not warrant a published opinion. See D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED AND ADJUDGED** that the district court's orders filed July 3, 2014, and December 17, 2015, be affirmed and the appeals from the orders filed August 6, 2014, and September 16, 2016, be dismissed.

Godson Nnaka sought to file claims in this forfeiture proceeding brought by the United States against assets claimed to be traceable to money laundering during the Nigerian military regime of General Sani Abacha. Although his notices of appeal refer specifically to the district court's certification pursuant to Federal Rule of Civil Procedure 54(b) on December 17, 2015, and the denial of his motion for a charging lien on September 16, 2016, App. 246, 275, the notices indicate he is challenging the district court's underlying order of July 3, 2014, striking his claims and the order of August 6, 2014, granting a default judgment for the United States. *See* JA 275. We address the four orders. *See Arrington v. United States*, 473 F.3d 329, 334 (D.C. Cir. 2006).

### A.

Asset forfeiture proceedings are subject to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. *United States v. $17,900.00 in U.S. Currency*, 859 F.3d 1085, 1087-88 (D.C. Cir. 2017). Claims to assets must be verified, Supp. R. G(5)(a)(i), and filed within 60 days of the publication notice of the forfeiture proceeding, *id.* (5)(a)(ii)(B). Claimants must file an answer to the complaint within 21 days of filing a verified claim. *Id.* (5)(b).

The district court struck the first claim to the funds, purportedly submitted on behalf of the Republic of Nigeria, because it was not properly verified. Mem. Op. & Order at 13, No. 1:13-cv-01832 (D.D.C. July 3, 2014). It struck the second claim as untimely. *Id.* It struck the third claim filed

on behalf of Nnaka himself because it was not filed by an attorney admitted to the court and he failed to file a timely answer. *Id.* Nnaka does not dispute that these procedural requirements were not satisfied and offers no explanation as would excuse these failures. Instead, citing out of circuit authority, he contends that the district court should have exercised its discretion to excuse his non-compliance. Given the repeated violations of Supplemental Rule G, we find no basis on which to conclude that the district court abused its discretion by striking the claims. *See, e.g., Kickapoo Tribe of Indians v. Babbitt*, 43 F.3d 1491, 1497 (D.C. Cir. 1995).

### B.

The district court also entered a default judgment for the United States and ordered forfeiture of the designated assets because the United States gave proper notice of the forfeiture proceeding, no verified claim had been filed, and the time for filing a claim had expired. Mem. Op. & Order at 3-4, No. 1:13-cv-01832 (D.D.C. Aug. 6, 2014). Based on the allegations in the government's verified complaint, the district court found that the assets were involved in transactions that violated 18 U.S.C. §§ 1956 and 1957 or "are traceable to such property." *Id.* at 3. The motion for a default was unopposed, and Nnaka lacks Article III standing to contest the default in a proceeding in which he was not a party. Even if he had standing, the motion was unopposed and the court generally does not address arguments presented for the first time on appeal. In any event, Nnaka has provided no basis for the court to conclude that the default judgment was, as he maintains, the product of a fraud on the court; he has not shown that cooperation between the United States officials and Nigerian officials created such a fraud, much less that United States officials im-

properly engineered the written 2014 denial by the Nigerian Attorney General of Nnaka's purported authority to act on behalf of Nigeria based on a 2004 instruction from the then-Nigerian Attorney General.

### C.

The district court certified the order striking the purported claims as final and appealable because the order left Nnaka no basis for further participation in the forfeiture proceeding and was a final disposition of his claims. Mem. Op. & Order at 3, No. 1:13-cv-01832 (D.D.C. Dec. 17, 2015); FED. R. CIV. P. 54(b). Certification, the court explained, would promote efficient resolution of the claims without presenting a risk of duplicative appeals. Mem. Op. & Order at 3. The district court also certified the default judgment because it vested exclusive ownership of the assets in the United States, and parties with interests in the assets would benefit from a prompt appeal. *Id.* at 4-6.

Nnaka fails to show error. The order striking Nnaka's attempt to file claims was "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436, 76 S.Ct. 895, 100 L.Ed. 1297 (1956)). The default judgment extinguished all other claims to the assets. In properly weighing judicial efficiency and the parties' interests, *see Brooks v. Dist. Hosp. Partners*, 606 F.3d 800, 805 (D.C. Cir. 2010), the district court did not abuse its discretion in finding there was "no just reason for delay," FED. R. CIV. P. 54(b).

### D.

To the extent Nnaka contends that the district court erred in denying his motion for a charging lien, Order, No. 1:13-cv-01832 (D.D.C. Sept. 16, 2016), this part of his appeal must be dismissed. No claim having been filed, he no longer has a basis for continuing to participate in this forfeiture proceeding. *Defenders of Wildlife v. Perciasepe*, 714 F.3d 1317, 1328 (D.C. Cir. 2013). Moreover, even if Nnaka had Article III standing, any right to a charging lien does "not arise until a judgment or decree ha[s] been obtained," *Lyman v. Campbell*, 182 F.2d 700, 702 (D.C. Cir. 1950), and Nnaka has not obtained either on behalf of Nigeria.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc. See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.