Pursuant to the direction thus made, judgment was entered against the plaintiffs in favor of the defendant for the amount which the plaintiffs had collected. From the order and judgment so made the plaintiffs appeal to this court.

The Municipal Court of the City of New York is a court of purely statutory jurisdiction. It can only do those things which it is authorized by statute to do. If no statutory authority is conferred, authorizing it to do a particular act, it follows that it is without authority to act in the premises. Bearing this principle in mind, we have examined the provisions of the Municipal Court act to ascertain whether any authority is therein conferred upon justices of the Municipal Court to direct restitution, either by order or judgment, of a sum of money collected under a judgment theretofore entered. No such authority is conferred by the provisions of that act.

Section 35 of the Municipal Court act applies only to cases where jurisdiction is acquired by substituted service. Section 323 of the Municipal Court act authorizes the appellate court, where the judgment or final order is reversed or modified, to direct restitution. Neither of these sections authorize the action which was taken by the court below. It follows that the judgment and order appealed from must be reversed.

Judgment and order appealed from are reversed, with costs to the appellant. All concur.

---

### MITCHELL v. MITCHELL.

(Supreme Court, Appellate Division, Second Department. February 24, 1911.)

1. ATTORNEY AND CLIENT (§ 189*)—LIENS—UNAUTHORIZED ACTION.
   Where an attorney who had been retained by the plaintiff commenced an action against his orders, the defendant's motion to discontinue, in which plaintiff concurred, and by affidavit deposed that he desired the action discontinued, should be granted where the plaintiff is able and willing to pay his attorney for any services rendered; the attorney having no lien upon the action.
   [Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 189.*]

2. ATTORNEY AND CLIENT (§ 174*)—LIEN OF ATTORNEY.
   An attorney who brings an action against the direction of his client has no lien upon it for his services.
   [Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 174.*]

Appeal from Special Term, Kings County.

In an action by Frank F. Mitchell against Charles L. Mitchell, the defendant moved to discontinue. From an order denying the motion, defendant appealed. Order reversed and motion granted.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and RICH, JJ.

George S. Ingraham, for appellant.
Asa Francis Smith, for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

RICH, J. This appeal is from an order denying defendant's motion, in which plaintiff concurs, for a discontinuance of the action. After the plaintiff had retained Asa F. Smith as his attorney and before the commencement of the action, the plaintiff by written notice personally served requested the attorney not to commence an action or institute any proceedings against the defendant, and canceled a power of attorney constituting said Smith and one Reba Mitchell his attorneys in fact. Disregarding this request, Smith subsequently commenced this action by causing the summons and complaint to be served on the defendant. The plaintiff is solvent, and able to pav any legal obligation for all services the attorney has rendered, and an action has been commenced against the plaintiff to recover compensation for these services, and is now pending. Upon the assertion that the plaintiff was improperly secluded, detained, and restrained from his liberty by the defendant, that he (Smith) was the attorney of plaintiff, and was wrongfully prevented from seeing and consulting with his client, Smith on October 22, 1910, caused the issuance of a writ of habeas corpus directing the production of the plaintiff before a Special Term of the Supreme Court on October 25th following. In such proceeding the plaintiff made an affidavit in which he swears that Smith is not his attorney; that this action was commenced and said writ taken out without his authority and against his wishes; that he was not restrained of his liberty, and did not wish to see or consult with Smith, and the writ was dismissed. The plaintiff makes an affidavit upon this motion in which he says that he desires this action to be discontinued.

Upon these facts, the plaintiff concededly being able and willing to pay and satisfy his attorney's just claims, his wishes as to a discontinuance of the action should be respected and given effect. Matter of Snyder, 190 N. Y. 66, 73, 82 N. E. 742, 14 L. R. A. (N. S.) 1101, 123 Am. St. Rep. 533; Pomeranz v. Marcus, 40 Misc. Rep. 442, 82 N. Y. Supp. 707; Dolliver v. American Swan Boat Co., 32 Misc. Rep. 265, 65 N. Y. Supp. 978. As was said in Kelly v. New York City Railway Co., 122 App. Div. 467, 106 N. Y. Supp. 894, while the court should preserve the lien of an attorney and prevent him from being cheated by collusion and fraudulent settlement, a discontinuance asked by both parties should not be denied when it is doubtful that the plaintiff's attorney was authorized to bring the action. Smith commenced this action in violation of his client's instructions, and for these services he certainly has no lien requiring protection by the court. He makes no claim that his rights will be in any manner prejudiced by the discontinuance of this action. He swears that his client is abundantly able and willing to pay him, and he has elected to prosecute his remedy by action. Conceding that the suspicions of Smith that the plaintiff is liable in the future to be wrongfully treated by the defendant are well founded, and that his unsought and forbidden efforts to prevent this result are commendable, the continuation of this action is not the proper remedy for righting the apprehended wrongs.

The order must be reversed and the motion to discontinue granted, without costs to either party. All concur.