# SULLIVAN v. TOBIN.

ATTORNEY AND CLIENT; PERCENTAGE FEE; LIEN; SETTLEMENT; INTER-
VENTION.

1. An attorney's lien is created by a contract by which one partner in a
    business on leased premises engaged an attorney to sue his copartner
    for accounting and dissolution, and stipulated that the attorney
    should receive a specified percentage of the amount recovered in
    the suit, or obtained by the client from the business during the period
    of the lease. (Citing *Thurston* v. *Bullowa, ante,* 18.)

2. An attorney's lien created by a contract for a percentage fee for prose-
    cuting a suit since compromised by the parties attached, at the
    latest, when the compromise was made; and therefore the attorney's
    right to intervene in the suit is not affected by the question whether
    the lien was originally inchoate or vested.

3. While the interests of justice are best subserved by allowing parties to
    litigation to compromise and settle it without interference by the
    holder of a contingent fee agreement, providing the settlement is
    made in good faith, the courts have all sought, in one way or another,

to protect attorneys who in good faith have rendered valuable services to the plaintiff; and although different modes have been adopted to obtain this result, the weight of authority is to the effect that where a settlement is collusively made to deprive the attorney of his fee he will be permitted to intervene and assert his lien; and that if a judgment has been entered and satisfied, that satisfaction may be set aside to the extent of the lien.

4. An attorney who instituted a suit in equity which has been collusively settled to defeat his lien rights under a contract for a percentage fee should be permitted to intervene, and prosecute the suit to the extent of his interest,—especially in view of equity rule 15, permitting the intervention of persons claiming an interest in the litigation.

No. 2665.   Submitted October 12, 1914.   Decided November 2, 1914.

HEARING on an appeal by the intervening petitioners from an order of the Supreme Court of the District of Columbia dismissing an intervening petition filed by them in a suit for an accounting and dissolution of a partnership.        *Reversed.*

The COURT in the opinion stated the facts as follows:

This appeal is from an order of the supreme court of the District dismissing an intervening petition filed by George E. Sullivan and Walter C. English, the appellants. Theretofore, as members of the bar of the court below, they had filed a bill in equity for the appellee, John Tobin against the appellee W. Maurice Tobin, which the said John Tobin had signed and verified.

The bill thus filed alleges that the plaintiff and defendants are partners engaged in the conduct of an amusement enterprise in leased premises, alleges certain breaches of partnership duty by the defendant, including the conversion by him of the funds of the firm, and, further, that there are valuable partnership assets including a valuable leasehold, a profitable, going business, and a fund of several thousand dollars in bank. The prayers of the bill were for an injunction, the appointment of a receiver, discovery, accounting, and dissolution of the partnership. To this bill an answer was filed by the defendant.

Thereupon the court entered an order restraining the defendant from conveying or encumbering said leasehold interest, from transferring or encumbering said business, and directing that the defendant keep accurate and regular accounts of all receipts and disbursements in said business, and safely to preserve, subject to the further order of the court, the net funds theretofore and thereafter derived from said business. The order further recites that, in consideration of the consent of the defendant to the terms of the order, the application for a receiver *pendente lite* is denied.

Thereafter, on January 28, 1914, the cause came on for hearing in open court, and evidence in behalf of the plaintiff was introduced. On the following morning the plaintiff notified his counsel, the appellants here, that he had adjusted his differences with the defendant, and wished the suit discontinued. Immediately thereafter, in open court, counsel for the defendant announced that the suit had been settled and moved for its dismissal. Thereupon the court continued the cause until February 5, 1914. Thereafter, on the same day, appellants filed their intervening petition, setting forth in detail the foregoing facts, and averring that the defendant had agreed to recognize the plaintiff as owner of a one-half interest in said business; that the plaintiff was colluding and conspiring with the defendant to defraud the interveners out of the fruits of the legal services rendered by them; that the defendant, when he entered into the agreement of settlement with the plaintiff, had notice of the provisions of the contingent fee agreement between the interveners and the plaintiff; and, further, that no bonâ fide settlement had been made. To this intervening petition the plaintiff filed no answer. The defendant, however, did file a motion to strike out and dismiss it upon several grounds. Thereafter the court granted leave to appellants, *nunc pro tunc* as of February 5, 1914, "to intervene in this suit for the assertion of the interests claimed by them." The court thereupon considered the defendants' motion to strike out or dismiss as in effect a demurrer to the intervening petition, and ruled that

such petition be dismissed. From the order of dismissal this appeal was taken.

*Mr. William G. Johnson* for the appellant.

*Mr. Raymond B. Dickey* and *Mr. John Ridout* for the appellees.

Mr. Justice Robb delivered the opinion of the Court:

The contingent fee agreement set forth in the intervening petition provides that the appellants shall receive as a contingent fee for their "legal services in said case 20 per cent of the first $25,000 that may be recovered" for me (plaintiff) in said suit, *or obtained by me from the Arcade Auditorium business* during the period of the lease, and 15 per cent of "all sums recovered *or obtained* by me as aforesaid" above $25,000. The obligation of John Tobin under this agreement was definitely limited to payment out of the fund to be recovered in the suit or obtained by Tobin from the partnership business during the leasehold period. A contract lien was therefore created in favor of appellants. *Barnes* v. *Alexander,* 232 U. S. 117, 58 L. ed. 530, 34 Sup. Ct. Rep. 276; *Thurston* v. *Bullowa, ante,* 18.

In the view we take of the case it is immaterial whether appellants' lien was only inchoate when the suit was begun, as contended by appellees, or whether, as contended by appellants, it attached to the plaintiff's right of action because of the assignable nature of that right. Under the express terms of the contingent fee agreement, appellants were to receive a fixed percentage of the amount recovered for the plaintiff in the suit *or obtained by him* from the partnership business during the leasehold period. It necessarily follows that, at the latest, the moment a settlement was made between the plaintiff and defendant, the appellees here, the lien attached. See *Mackall* v. *Willoughby,* 167 U. S. 681, 687, 42 L. ed. 323, 325, 17 Sup. Ct. Rep. 954; *Barnes* v. *Alexander, supra.*

In their intervening petition, appellants aver that the defendant, appellee, W. Maurice Tobin, not only had notice of the contingent fee agreement, but also that the plaintiff was financially irresponsible; and, further, that the plaintiff and defendant are conspiring to defraud appellants of their legal fees. Whilst the courts have uniformly held that the interests of justice are best subserved by allowing parties to litigation to compromise and settle it without interference by the holder of a contingent fee agreement, providing the settlement is made in good faith, and that a stipulation in such an agreement depriving the plaintiff of a right to settle may well be considered as opposed to sound public policy (*Weller* v. *Jersey City, H. & P. Street R. Co.* 68 N. J. Eq. 659, 61 Atl. 459, 6 Ann. Cas. 442; *In Re Snyder,* 190 N. Y. 66, 14 L.R.A.(N.S.) 1101, 123 Am. St. Rep. 533, 82 N. E. 742, 13 Ann. Cas. 441), they have all sought, in one way or another, to protect attorneys who in good faith have rendered valuable services to the plaintiff. Although different modes have been adopted to attain this result, the weight of authority is to the effect that, where a settlement is collusively made to deprive that attorney of his fee, he will be permitted to intervene and assert his lien; and that if a judgment has been entered and satisfied, that satisfaction may be set aside to the extent of the lien. *Burkhart* v. *Scott,* 69 W. Va. 694, 72 S. E. 784; *Grand Rapids & I. R. Co.* v. *Cheboygan Circuit Judge,* 161 Mich. 181, 137 Am. St. Rep. 495, 126 N. W. 56; *Wait* v. *Atchison, T. & S. F. R. Co.* 204 Mo. 491, 103 S. W. 60; *Corson* v. *Lewis,* 77 Neb. 449, 114 N. W. 281; *Northrup* v. *Hayward,* 102 Minn. 307, 113 N. W. 701, 12 Ann. Cas. 341; *Randall* v. *Van Wagenen,* 115 N. Y. 527, 12 Am. St. Rep. 828, 22 N. E. 361; 4 Cyc. 1022. In *National Exhibition Co.* v. *Crane,* 167 N. Y. 505, 60 N. E. 768, the court said that honest settlements by parties to litigation should be encouraged , but that dishonest and collusive settlements made with intent to defraud the attorneys upon either side are reprehensible and should be condemned; that inasmuch as the relief asked was based upon a settlement of the latter character, the court was possessed of inherent power to grant it;

and that the court was not obliged to assist in effecting a fraudulent design.

In the present case, according to the averments of the intervening petition, a collusive settlement has been entered into. The petition further avers that the defendant, knowing the interests of appellants flowing from their contingent fee agreement, has acted in bad faith. The *status quo* of the original case has not been disturbed. The parties are all before the court, and the rights of each may be fully protected. Moreover, under the provisions of the court's restraining order, it still has control not only of the leasehold interest, which the original bill averred belonged to the partnership, but of the net funds theretofore and thereafter derived from the alleged partnership business. Equity rule No. 15 of the court below provides that "anyone claiming an interest in the litigation may at any time be permitted to assert his right by intervention." This was done in *Barnes* v. *Alexander,* 232 U. S. 117, 58 L. ed. 530, 34 Sup. Ct. Rep. 276. We do not overlook the contention of appellees that in the *Barnes Case* there was a judgment. Here there has been no judgment, because of a collusive settlement, but the court has in its control the property and funds forming the subject-matter of the settlement. Under the facts averred, appellants may obtain more speedy and adequate relief by being permitted to intervene than if relegated to their common-law remedies. We think, therefore, that it was error to dismiss their petition.

If, at the hearing, it develops that the settlement was bona fide as between the parties thereto, the value of the lien will of course be controlled thereby. *Sutton* v. *Chicago R. Co.* 258 Ill. 551, 101 N. E. 940; *Curtiss* v. *Metropolitan Street R. Co.* 118 Mo. App. 341, 94 S. W. 762; *Wait* v. *Atchison, T. & S. F. R. Co.* 204 Mo. 503, 103 S. W. 60; *Grand Rapids & I. R. Co.* v. *Cheboygan Circuit Judge,* 161 Mich. 181, 137 Am. St. Rep. 495, 126 N. W. 56. If it shall transpire that no bona fide settlement was made,—in other words, that the parties have merely deferred the adjustment of their differences for the purpose of avoiding appellants' lien,—it may become necessary to

determine the value of that lien.    As the interests of appellants
under their fee agreement depend upon the right of recovery
of the plaintiff in the original action, appellants must be per-
mitted to prosecute the original action to the extent of their
interests, regardless of the make-believe settlement.    In the
Michigan case (161 Mich. 181), the court remarked that this
is an adequate remedy, supported not only by the decisions of
that State, "but by the great weight of authority in other
States."

The order appealed from will be reversed, with costs, and
the cause remanded for further proceedings.

                              *Reversed and remanded.*