316

## McCORMACK v. HARRAH et al.
### No. 5368.

Court of Appeals of District of Columbia.
Argued June 3, 1931.
Decided June 29, 1931.

Wm. E. Richardson, of Washington, D. C., for appellant.

Leo A. Rover, Daniel P. McDonald, John R. Benney, and Daniel Dunning, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and HITZ and GRONER, Associate Justices.

GRONER, Associate Justice.

This is a companion case to No. 5369, 60 App. D. C. 258. 51 F.(2d) 314, and the two cases were heard at the same time, and we refer to the opinion in No. 5369 for a statement of the preliminary facts.

Appellant here, McCormack, is an engineer, and in 1917 was residing in Havana. Appellee Harrah, whom we shall call appellee, had formerly owned a railroad in Cuba, which was destroyed by the Cuban government in 1917. In 1929, arbitrators were selected by the government of the United States and Cuba to pass upon appellee's claim for indemnity for the damages sustained by him in the destruction of the railroad. The bill alleges that as a result of this agreement it became necessary for appellee to submit expert engineering testimony covering the facts of his claim, and that he entered into an agreement with appellant that the latter should make the investigation and survey necessary to support the claim, that, in accordance with the agreement, appellant made the survey and investigation, devoting his exclusive time to the matter for a period of five months, and that, as a result of this, he rendered material aid and assistance in securing the award in favor of the claim. By an amendment to his bill, appellant sets out that appellee agreed "that he would pay him as a fee for his services and personal expenses 10% of whatever award was made in settlement of said claim, said 10% to be paid out of said award when it was disbursed." The Supreme Court of the District sustained the motion to dismiss the bill on the ground that, the Secretary of State, in whose possession the fund was, not having then determined the amounts due and to whom due and certified the same to the Secretary of the Treasury, the court was without jurisdiction.

It was admitted at the bar that, since the decision of the lower court, the Secretary had acted, and that the money is now in the Treasury certified to be paid to Harrah, and the point made in the lower court that the bringing of the suit was premature is not urged here.

We think, under these circumstances, the case should be retained. The purpose of the bill is to establish an equitable lien on the fund in the sum of $35,000, and prays for a receiver to hold the fund, and for an injunction against the disbursement of the fund until the interest of the claimant has been determined. We think the question for decision on the present pleadings is whether the bill shows that appellant has an equitable lien upon the fund, and, if he has, the cause should be remanded for trial on the merits, and this question we think should be answered in the affirmative on the authority of Barnes v. Alexander, 232 U. S. 117, 34 S. Ct. 276, 58 L. Ed. 530, and Ingersoll v. Coram, 211 U. S. 335, 29 S. Ct. 92, 53 L. Ed. 208. In the first of these, the court, quoting Wylie v. Coxe, 15 How. 415, 14 L. Ed. 753, decided that a contract for a contingent fee, much the same as that claimed here, out of a fund awarded, constituted a lien upon the fund, and so in the Ingersoll Case, where there was an agreement for the employment of an attorney on a contingent fee to be paid out of the funds re-

covered, the Supreme Court held an agreement less specific in terms than this broad enough to establish an equitable lien. The allegations in plaintiff's amended bill that he was to be paid 10 per cent. and that this 10 per cent. was to be received by him from and out of the award, is we think sufficient to bring his claim within the doctrine of the cases cited, and since, as we have already decided in No. 5369, the lower court would, in the circumstances named, have jurisdiction to control the action of the Secretary of the Treasury in the disbursement of the fund, we think it was error to have dismissed the bill.

Reversed and remanded for further proceedings not inconsistent with this opinion.