MAURICE W. SNYDER, APPELLANT, v. ROBERT SMITH, APPELLEE.

272 N. W. 401

FILED APRIL 2, 1937. No. 29958.

*S. L. Winters,* for appellant.

*Brome & Thomas* and *Harold A. Moore, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOOD, J.

Plaintiff brought this action against Robert Smith, clerk of the district court for Douglas county, and Herman Corenman, to recover $550, which plaintiff alleged was due him by reason of an assignment from Lawrence B. Goldman of part of an attorney's fee, due the latter from the plaintiff in the case of Hardman against Union Pacific Railroad Company, and which attorney's fee was protected by notice of an attorney's lien filed in that action. Plaintiff alleged that the proceeds of a settlement and adjustment of that action were paid into court, and such proceeds disbursed by Smith as clerk, disregarding the claim of plaintiff under the assignment. After plaintiff had adduced his evidence, the court sustained a motion for a directed verdict in favor of Smith. Thereupon, plaintiff made some adjustment between himself and Corenman, and, as to the latter, the action was dismissed. The trial court entered judgment on the directed verdict in favor of Smith. Plaintiff has appealed.

The record reflects the following facts: Lawrence B. Goldman and Herman Corenman, as attorneys, represented plaintiff in an action against the Chicago, Burlington &

Quincy Railroad Company. Goldman received the proceeds of an adjustment of that action, but failed to turn over to plaintiff the full amount to which he was entitled. Goldman retained $550 of the money which should have been turned over to plaintiff. To adjust the matter between Goldman and plaintiff, the former gave to the latter three promissory notes aggregating $550, signed by Goldman, and attempted to secure these notes by an assignment of a part of an attorney's fee to which he claimed he was entitled from the plaintiff in the case of Hardman against Union Pacific Railroad Company, then pending in the district court for Douglas county. Plaintiff discovered that Goldman's name did not appear as one of the attorneys for the plaintiff in that action. He returned to Goldman, and the latter gave to plaintiff an assignment from one Ralph Wilson, purporting to assign a part of an attorney's fee, claimed by Wilson as an attorney in the Hardman action. This assignment purported to transfer $550 to plaintiff.

The appearance docket in the case of Hardman against Union Pacific Railroad Company showed Wilson as an attorney for plaintiff, and notice of lien was filed in that case by Corenman and Wilson. There is no evidence in this case to show that Wilson ever had anything more to do with the Hardman case than listing his name on the appearance docket and in the notice of an attorney's lien. There is no evidence that Hardman ever employed Wilson as an attorney in that action, but there is evidence from which it appears that Hardman did not know and had never seen Wilson, and knew nothing of him as an attorney in that action. It also appears that some time later one Brumbaugh was also employed as an attorney to represent plaintiff in the Hardman case, and that when that cause was tried Brumbaugh and Corenman were the only attorneys representing plaintiff in that action. Trial of the Hardman case resulted in a judgment for the plaintiff, which was afterwards settled by defendant in that action paying into court for plaintiff the sum of $4,000.

The record discloses that Goldman was indebted to Robert

Smith in the sum of $215.40. Smith appears to have learned that Goldman claimed some interest in the proceeds of the settlement of the Hardman case, and obtained from Goldman authority to deduct that amount from any money that might be due Goldman in that action; whereupon, Smith took up the matter with Brumbaugh and Corenman. It appears that the attorneys were entitled to a fee of 40 per cent. of the amount recovered and that Brumbaugh was to receive one-third of this amount. He stated that he had no objection to the proposed payment to Smith, provided the amount claimed by Smith did not come out of his, Brumbaugh's, share of the fee. Corenman, who was entitled, apparently, to the other two-thirds of. the fee, consented to the deduction of $215.40 from his share of the fee. This was accordingly done, and the entire proceeds of the settlement were disbursed, $215.40 to Smith, the balance of the 40 per cent. attorney's fees to the attorneys, and the remainder to Hardman, plaintiff in that action.

Plaintiff contends that he had a valid assignment of an attorney's fee, which was protected by an attorney's lien in the Hardman case, and that Smith and Corenman conspired together and caused the disbursement of the entire fund in disregard of his rights under the assignment. Plaintiff contends that Goldman was one of the attorneys for the plaintiff in the Hardman case, but because he was under charges for disbarment he did not care to have his name appear, and that he procured Wilson's name to be used in his stead; that Wilson was really a dummy representative for Goldman. It appears in the record that Hardman did not know Wilson and never employed him. The only place in which it is shown that he had any connection with the case at all is that his name appears on the appearance docket and on the notice of lien; he did not appear in or have anything to do with the trial of that case. If Wilson was employed in the Hardman case, it must have been by Corenman, or possibly by Goldman.

It is a well-established rule that an attorney, who is employed by a client, has no implied authority to employ as-

sistant or associate counsel at the expense of the client, and that such assistant or associate counsel is not entitled to a lien on the judgment for his fees. *Sedgwick v. Bliss*, 23 Neb. 617, 37 N. W. 483; *Dillon v. Watson*, 3 Neb. (Unof.) 530, 92 N. W. 156. If Wilson was not entitled to charge a fee against Hardman in that case, certainly he could have no lien for an attorney's fee, and could transfer no right by his assignment to the plaintiff in this action. Plaintiff seems to think, however, that Goldman had a lien, and that Wilson was representing Goldman alone. There is no evidence to sustain this contention. Moreover, Goldman's name did not appear as an attorney in the proceeding, nor did he appear in the trial of the cause. He was present when the money was paid into court in the Hardman case. There is no evidence in the record, except suspicion, that Goldman was ever employed by any one in the Hardman case, and no evidence that he ever performed any service, and, in any event, he never filed any notice of an attorney's lien. The assignment which Goldman gave to plaintiff was never presented to Smith, the clerk of the court, nor did the latter have any knowledge or notice thereof until long after the funds in the Hardman case had been disbursed.

Where a clerk of the district court disburses the proceeds of a judgment, rendered in that court in a personal injury action, he incurs no liability to an attorney, or his assignee, for a claimed attorney's fee in that action, in the absence of a showing that such attorney was actually vested, in law, with a valid claim against the judgment which has ripened into a lien.

The record seems to be free from error prejudicial to plaintiff. Judgment

AFFIRMED.