## CONTINENTAL CASUALTY CO. et al. v. KELLY et al.

### No. 7261.

United States Court of Appeals for the District of Columbia.

Argued May 18, 1939.

Decided June 30, 1939.

---

842.

Woodson P. Houghton and Kahl K. Spriggs, both of Washington, D. C., for appellants.

William C. Sullivan, of Washington, D. C., for appellees.

Before GRONER, Chief Justice, and EDGERTON and RUTLEDGE, Associate Justices.

PER CURIAM.

Kelly and Nicolaides (appellees), members of the bar, on the 3d of May, 1933, agreed with Morris Klotz, a resident of New York, to bring an action in his behalf in the courts of the District of Columbia against Prescott-White Corporation, of New York, to recover the sum of $3503.50. The agreement provided that the attorneys were to receive a contingent fee of $33\frac{1}{3}\%$ out of any judgment obtained against the Prescott-White Corporation. Appellees performed the professional services contemplated in the agreement, and on the 14th of February, 1935, judgment was entered for Klotz in the sum of $3503.50, with interest, against Prescott-White Corporation and Continental Casualty Company, which had executed an attachment bond in the suit. The corporation was unable to pay, and Continental refused to pay the judgment, and in March, 1935, Continental notified appellees that Klotz was indebted

to it in excess of $50,000. This indebtedness arose out of an agreement by Klotz to indemnify Continental against loss incurred upon a public contractor's bond made to secure the construction of a high school building in the District of Columbia. Prescott-White Corporation, the principal, had defaulted, as a result of which Continental, as surety, had been called upon to pay a large sum to materialmen. In December, 1935, Continental sued Klotz in a New York court, and asserted its right to set off the judgment which Klotz had previously obtained in the District of Columbia. A year later the New York court decreed that Klotz should discharge and release his District of Columbia judgment —subject to the appellees' claim to an attorneys' lien. But prior to these proceedings an attachment after judgment, in the suit originally brought by Klotz, was sued out in the District of Columbia against Adams, as garnishee and debtor of Continental, and on December 14, 1935, appellees intervened, alleging their contingent fee agreement and their failure to receive any compensation for their services, and asked for judgment of condemnation for the amount of their fee against the attached funds of Continental. The court below sustained the prayer and awarded the condemnation asked for. Continental and its garnishee then took this appeal.

There are two questions involved:

1. Is the set-off of Continental superior to appellees' attorneys' lien?

2. Were appellees entitled to intervene and assert their claim in the Klotz action in the court below?

Appellants' position is that, since in the District of Columbia there is no statute creating a lien in favor of an attorney upon either judgment or suit, the question must be decided under the common law rule which counsel for appellants insist does not create a lien upon the client's cause of action before judgment. Appellants therefore insist that the judgment should be set aside because based upon the erroneous view that the lien of appellees became effective as of the time the suit was brought.

■■■ The question is not new, and we think our decision in Kellogg v. Winchell, 51 App.D.C. 17, 20, 273 F. 745, 16 A.L.R. 1159, determined the principle which should control. We held in that case that a contract such as the one we have here gave

the attorney an interest in the cause of action. This interest is in the nature of an equitable lien, and we may add that in our opinion it is prior to any right of appellant to set off a claim which accrued after appellees' interest attached. See, also, McCormack v. Harrah, 60 App.D.C. 260, 51 F.2d 316; Sanborn v. Maxwell, 18 App.D.C. 245, 252. It is clear from the agreement that from the time of its making there was a distinct appropriation of the fund by the client and an agreement that the attorneys should be paid out of it. This, as we have several times. held, creates rights different from those which arise when the attorney looks to the personal responsibility of the client for payment of the fee. Pink v. Farrington, 67 App.D.C. 314, 92 F.2d 465; and see to the same effect, Wylie v. Coxe, 15 How. 415, 420, 14 L.Ed. 753; Ingersoll v. Coram, 211 U.S. 335, 368, 29 S.Ct. 92, 53 L.Ed. 208; Barnes v. Alexander, 232 U.S. 117, 120, 34 S.Ct. 276, 58 L.Ed. 530. This right is a contract lien and even if, as has been suggested, the lien is inchoate before judgment, it relates back and takes effect from the time of the commencement of the suit and is, therefore, superior to rights of set off which arise subsequently. United States Fidelity & Guaranty Co. v. Levy, 5 Cir., 77 F.2d 972; Terney v. Wilson, 45 N.J.Law 282.

In the instant case the contract was made in 1933. The suit was filed in that year, and reduced to judgment in 1935. It is true the indemnity agreement between Continental and Klotz was made in 1932, but no liability arose thereon until long after the suit was begun, and no notice of a claim thereon was given to appellees until March 5, 1935, after they had reduced the claim in suit to judgment. In these circumstances, the court certainly ought not to exercise its discretionary authority to allow one judgment to be set off against another (D.C.Code, Tit. 24, § 419), when the effect would be to absorb the fund out of which appellees are entitled to be paid. See cases cited in 34 A. L.R. p. 333.

■■■ Second. Appellants insist that intervention in the original suit was improper and that appellees can assert their lien only in an equity proceeding. We think this is incorrect. The property out of which appellees seek to enforce their lien is in the custody of the court. The original judgment was against both Prescott-White

844

Company and Continental, and the attachment of the funds of Continental brought those funds within control of the court. International Finance Corporation v. Jawish, 63 App.D.C. 262, 71 F.2d 985. And we know of no good reason why one who has an interest in a particular property or a particular fund may not intervene in a cause in which the fund is subject to the jurisdiction of the court, nor why the court having such jurisdiction is not equipped to make the necessary order to enforce payment.

In the instant case appellants have had due notice of all proceedings and the same opportunity to assert their rights as in an independent equity suit, and the case has been heard and decided below on the merits. Both on this ground and on principle, the court having possession of the res or its equivalent ought to be clothed with jurisdiction, upon proper application, to establish the lien and disburse the fund. But even if we should hold that an independent proceeding was necessary, the holding would accomplish nothing in appellants' behalf, for under the procedure which would apply in a remand of the case appellees, under rule 24 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, would, we think, have the right to do precisely what they did in the first instance.

On the whole case, we think the decision of the court below was right, and it is affirmed.

Affirmed.