**FRIEDMAN v. HARRIS et al.**

No. 9231.

United States Court of Appeals District of Columbia.

Argued Oct. 16, 1946.
Decided Nov. 25, 1946.

Mr. Arthur L. Willcher, of Washington, D. C., for appellant.

Mr. Cornelius H. Doherty, of Washington, D. C., with whom Mr. Stanley H. Kamerow, of Washington, D. C., was on the brief, for appellee Annie Harris.

No appearance for appellee Washington Terminal Company.

Before GRONER, Chief Justice, and EDGERTON and CLARK, Associate Justices.

PER CURIAM.

Appellee Harris was seriously injured by alleged negligence of appellee Washington Terminal Company. Harris afterwards signed an agreement to employ appellant Friedman as her attorney and to pay him one-third of "the sum allowed or recovered." Appellant filed suit for Harris against the Terminal Company, which answered. Other attorneys, Kamerow and Doherty, moved on behalf of Harris to dismiss the suit, on the ground that Friedman was not authorized to file it. Appellant opposed this motion and also moved for leave to intervene in the suit. Depositions and affidavits which were filed make it plain that Harris then wished to be represented by Kamerow and Doherty and not by appellant, but are in conflict as to whether Harris' dismissal of appellant occurred before or after he filed the suit. The validity of Harris' original employment of appellant is also in dispute. The District Court, without giving appellant an opportunity to present oral testimony, denied his motion for leave to intervene and granted Harris' motion to dismiss the complaint.

Appellee contends that an attorney has no lien for his charges before judgment. But this court has held that during the progress of a suit an attorney of rec-

ord under a contingent fee contract has an "interest in the cause of action." Kellogg v. Winchell, 51 App.D.C. 17, 20, 273 F. 745, 748, 16 A.L.R. 1159. He may intervene to protect this interest and after judgment "the lien * * * relates back and takes effect from the time of the commencement of the suit." Continental Casualty Co. v. Kelly, 70 App.D.C. 320, 322, 106 F.2d 841, 843. If Harris dismissed appellant before he filed the suit appellant has no lien and no right to intervene. Cf. Mitchell v. Mitchell, 143 App.Div. 172, 127 N.Y.S. 1065; Woodbury et al. v. Andrew Jergens Co. et al., 2 Cir., 69 F.2d 49. In that case his only claim is to recover in a separate suit the value of his services. But if appellant had appellee's authority when he filed the present suit, he has a lien for the value of his services and a right to intervene to protect it. Even in that case, however, he can claim only the value of the services which he actually performed. Otherwise his client's right to choose her own lawyer would have little practical value.

■ The basic issue on the present appeal is whether, when appellant filed the present suit on behalf of Harris, he had her subsisting authority to do so. We think the District Court should have given him a full hearing, including an opportunity to present oral testimony, on that issue. Jacobsen v. Jacobsen, 75 U.S.App.D.C. 223, 126 F.2d 13; Farrall v. District of Columbia Amateur Athletic Union, 80 U.S.App. D.C. 396, 153 F.2d 647.

Reversed.