**A. V. FALCONE and R. K. Millstein,**
**Appellants,**

v.

**Josef Washington HALL et al.,**
**Appellees.**

**No. 13028.**

United States Court of Appeals
District of Columbia Circuit.

Argued May 10, 1956.

Decided July 5, 1956.

Messrs. Edward S. Duvall and R. K. Millstein, Washington, D. C., submitted on the brief for appellants.

Mr. John B. Cullen, Washington, D. C., entered an appearance for appellees Josef

Washington Hall and Thelma Taylor, for whom no brief was filed.

Mr. Jeremiah T. Riley, Washington, D. C., entered an appearance for appellee Margaret Fretter Hall, for whom no brief was filed.

Before PRETTYMAN, WILBUR K. MILLER, and FAHY, Circuit Judges.

PRETTYMAN, Circuit Judge.

This is an appeal by two attorneys, Falcone and Millstein, from orders of the District Court dismissing their complaint in the nature of a judgment creditor's bill.

In the complaint the two attorneys alleged they had been retained by Julia Hall on a contingent fee basis to enforce against Josef Hall certain claims arising out of a property settlement and a California decree of divorce. Pursuant to this agreement suit was filed in the United States District Court for the District of Columbia and judgment obtained in favor of Julia Hall for the sum of $3,075. Process issued on this judgment was returned *nulla bona*. Thereafter Julia Hall declined to initiate further proceedings to reach the alleged equitable interests of Josef Hall in certain real estate said to have been transferred without adequate compensation while suit was pending. Falcone and Millstein then filed their complaint in the nature of a judgment creditor's bill, joining as defendants, among others, their client, Julia Hall, and the judgment debtor, Josef Hall. The attorneys claimed that by virtue of their contingent fee agreement they were equitable assignees of a 40 per cent interest in the judgment entered by the District Court; they also claimed an attorney's lien on any money obtained on account of that judgment. The District Court dismissed the complaint on grounds that Falcone and Millstein were not proper parties to bring suit and that the provision of the District of Columbia Code relating to the assignment of judgments [1] had not been observed.

1. 31 Stat. 1256 (1901), D.C.Code 1951, § 28-2501.

The complaint apparently stated several alternative theories, and we think it was not on its face fatally deficient. An attorney retained on a true contingent fee basis has "an interest in the cause of action."[2] This interest is treated for purposes of recognition as an equitable or contract lien, and an attorney entitled to such a lien is protected in a number of ways.[3] We think that in a proper case an attorney may apply to the court in his own name, assert his interest and lien, and secure enforcement, to the extent necessary to satisfy a valid claim for compensation, of a judgment favorable to his client. If the attorney has an interest in the cause of action, he has an interest in the judgment into which the cause of action merges. If he has agreed to look only to the ultimate recovery for his compensation and has obtained a judgment establishing his client's right to recover, the client's subsequent failure or refusal to take steps to enforce collection of the judgment debt should not deprive the attorney of his fee; in these circumstances he should have the right to proceed in his own name to realize on the judgment upon which he has an equitable lien.

In such a proceeding the attorney must plead the contingent fee contract upon which he relies, making the client a defendant, as was done here, in order that the latter may have an opportunity to be heard as to whether the underlying contract was entered into and, if so, whether it was in any way oppressive, unfair, or contrary to public policy. If the court recognizes and establishes the lien, the attorney's status as a proper plaintiff is also established, and he may proceed with the action he has instituted to enforce collection for the benefit of his client and himself.

This record does not show that Julia Hall was served, but we cannot assume that in further proceedings she will not be served, either personally or by publication,[4] or will not enter an appearance for the purpose of asserting her interest or of taking such position as she may be advised. In the peculiar circumstances of this particular case, and in order to insure that the client, Julia Hall, has actual notice of the pendency of the proceeding, the District Court may consider it advisable to require that, in lieu of newspaper publication, the personal service provided for by Section 13–108 of the Code be had on Julia Hall.

As to the Code provision relating to the assignment of judgments, it is unnecessary to venture into that subject further than to point out that the interest of an attorney created by a contingent fee contract is not equivalent to an assignment of a cause of action and resulting judgment. The attorney's interest is, as we have said, like an equitable lien. It cannot be enforced by the summary proceedings available to a judgment assignee. Enforcement may be had only after the lien has been properly established in court.

The orders of the District Court must be vacated and the case remanded for further proceedings in accordance with this opinion.

So ordered.

2. Kellogg v. Winchell, 51 App.D.C. 17, 273 F. 745, 16 A.L.R. 1159 (D.C.Cir.1921). The original retainer of Falcone was concluded in California, but the California courts also recognize that a contingent fee contract creates an interest in the cause of action in favor of the attorney. See Jones v. Martin, 41 Cal.2d 23, 256 P. 2d 905 (1953). Such differences as may exist between the law of the District of Columbia and the law of California seem to bear more on remedy and procedure than on the substance of the interest.

3. See Kellogg v. Winchell, supra note 2; Friedman v. Harris, 81 U.S.App.D.C. 317, 158 F.2d 187 (D.C.Cir.1946) ; Continental Casualty Co. v. Kelly, 70 App.D.C. 320, 106 F.2d 841 (D.C.Cir.1939).

4. 31 Stat. 1206 (1901), 41 Stat. 556 (1920), as amended, D.C.Code 1951, § 13–108.