Ralph R. SACHS, Appellant,

v.

Mannie R. KLEIN, Appellee.

No. 2383.

Municipal Court of Appeals for the District of Columbia.

Argued May 4, 1959.

Decided Sept. 2, 1959.

---

Ralph R. Sachs, Washington, D. C., appellant, pro se.

Myer Koonin, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Appellant, a member of the Bar, filed suit on behalf of his client, Rudolph K. Fairfax, against appellee, for alienation of affections and criminal conversation, based on alleged improper relations between appellee and the wife of Fairfax. Appellee answered denying the material allegations of the complaint.

When the case was called for pretrial on November 24, 1958, the following transpired: Counsel for appellee stated that Fairfax and his wife had called at his office on November 5, 1958; that Fairfax stated he desired to dismiss the suit against appellee, whereupon counsel immediately attempted to reach appellant by telephone but ascertained that he was out of the city; that at the instance of Fairfax he then prepared a praecipe dismissing the action. The latter signed it and left it with appellee's counsel; the latter made subsequent efforts to reach appellant and when the latter returned to the city he advised him of the praecipe. Appellant and counsel for appellee then had several discussions concerning the matter but no decision was reached.

Appellant then stated to the court that from the time counsel for appellee first conversed with him, he had on numerous occasions tried to reach Fairfax without success

and had then employed private investigators in an endeavor to reach him. It was then agreed by the court and counsel that appellant would continue his efforts to reach his client, the case to be reset for pretrial after January 1, 1959. On December 5, 1958, Fairfax wrote appellant as follows:

"December 5, 1958

"Registered—Return Receipt

"Requested

"Ralph R. Sachs, Esquire
"Dupont Circle Building
"Washington 6, D. C.

"Re: Civil Action No. 4089–56

"Dear Mr. Sachs:

"Your letter of November 26, 1958 was received and contents thoroughly noted.

"I appreciate all that is stated and set forth in your letter. The other side of this picture is an extremely simple one. I have for the past five and a half months reconciled with my wife. Certainly we both want this marriage, with children involved, to endure. Under the circumstances of the impending court action this marriage could not possibly be a happy one. Add to this the fact that I have been under a mental strain and my health, as my doctor could state, is not up to a court case of this caliber.

"Under no circumstances do I wish to pursue this case, regardless of the things you have stated. I appreciate your efforts, personal interest and personal friendship but I under no circumstances want to proceed in the case now pending, nor wish you to go ahead with the case as originally outlined for the reasons stated above. I repeat, I wish to have, as quickly as possible, the entire proceedings completely dropped.

"In conclusion, you may regard this letter as definite conclusion of your services as my attorney effective above date.

"Yours very truly,
"/s/ Rudolph K. Fairfax
"Rudolph K. Fairfax

"CC: Honorable Judge M. E. Reeves
"Myer Koonin
"William T. Ward"

On January 14, 1959, appellant filed a motion to intervene on the following grounds: That he was employed by Fairfax to institute the suit against appellee under an agreement whereby he was paid a retainer of $100 and was further entitled to receive one-third of any damages recovered by his client, the latter to pay court costs and expenses; that he filed the suit pursuant to the agreement and had rendered approximately forty-five hours of legal services when he was discharged as counsel on December 5, 1958; that he claims "an interest in this cause for the value of his services rendered herein *until the time he was thus discharged,* which services he values in the reasonable amount of $1,000." (Emphasis supplied.) He further claims that he had disbursed $196.53 for costs and expenses for which he is entitled to reimbursement; that he requested "leave to intervene herein for the purpose of imposing his lien for services and expenses as aforesaid as a condition precedent to the dismissal of the action." Counsel for appellee opposed the motion.

On February 4, 1959, appellant orally moved to amend his motion to intervene to allege fraud and collusion (presumably between the appellee and Fairfax.) When requested by the court to be more specific concerning these charges he stated "that two or three weeks prior to the first pretrial hearing [November 24, 1958] his client * * * had stated to him that he would not accept less than $10,000 in settlement of the case, that his wife still was committing acts of adultery with defendant [appellee] and that there was no hope of reconciliation; and the attorney [appellant]

believed the act of reconciliation reported was the result of collusion and fraud." [1] The court denied the oral motion to amend the written motion to intervene, permitted the praecipe signed by Fairfax to be filed, entered an order dismissing the case as to Klein, but granted appellant's motion to intervene for the purpose of establishing his claim for services to November 5, 1958, the date of the praecipe. Appellant's contention here is that the court erred in permitting the praecipe to be filed and in dismissing the case because, as he contends, if the action stands dismissed his right to intervene is rendered nugatory. The question for our decision is did the court err in permitting Fairfax to dismiss the action.

█ The rules governing the right of an attorney under a contingent fee agreement to intervene in an action instituted by him for a client with his authority when the latter, without just cause dismisses him before the termination of the litigation has been considered in several cases in this jurisdiction.[2] We find the principles there enunciated to be: That the interests of justice are best served by allowing parties litigant to settle their dispute without interference by attorneys holding contingent fee agreements, provided the settlement is made in good faith. On the other hand, courts, as far as possible, have sought to protect attorneys who in good faith have performed valuable services for their clients and by the

weight of authority if a settlement is *collusively* made to deprive the attorney of his fee, he will be permitted to intervene and assert his lien; and even where there has been no collusion the court may in its *discretion* impose such conditions upon the client as will protect the attorney's interest where the attorney's services were to be compensated for only by a percentage of a fund to be created through his efforts. In any event the attorney can only claim the value of his services actually performed.

We have already set forth appellant's theory on the question of alleged collusion between his client and appellee. It is obvious that the court was justified in rejecting this theory based merely on appellant's *belief* that "the act of reconciliation reported was the result of collusion and fraud."

Did the court without regard to the collusion theory abuse its discretion in permitting the dismissal? We think not. The type of case appellant filed is one not particularly favored by the law; indeed, in some jurisdictions they are barred by statute. It seems to us that when the husband and wife have reconciled their differences and resumed their marital life, it is in the best interests of society to permit the husband to dismiss the litigation leaving the attorney to his remedy by an independent suit to attempt to recover for his services.

Affirmed.

1. Statement of Proceedings and Evidence.

2. Sullivan v. Tobin, 42 App.D.C. 430; Kellogg v. Winchell, 51 App.D.C. 17, 273 F.

745, 16 A.L.R. 1159, and Friedman v. Harris, 81 U.S.App.D.C. 317, 158 F.2d 187.