**John G. SAUL, Appellant,**

**v.**

**U. S. FIDELITY AND GUARANTY CO.,
a corporation, Appellee.**

**No. 3450.**

District of Columbia Court of Appeals.

Submitted May 11, 1964.

Decided Sept. 25, 1964.

John G. Saul, Washington, D. C., appellant, pro se.

Joseph L. Holland, Washington, D. C., for appellee.

Before HOOD, Chief Judge, QUINN, Associate Judge, and CAYTON (Chief Judge, Retired).

HOOD, Chief Judge.

Appellant Saul, an attorney, was engaged by a Mrs. Coker and her minor daughter to represent the daughter in a personal injury claim on a contingent fee basis. Saul made some efforts toward a settlement with the insurance carrier of the alleged tortfeasor. These efforts failed and he filed an action in the United States District Court for the District of Columbia. About a year later the Cokers became dissatisfied with Saul's representation and wrote him a letter discharging him from further representation. They then engaged another attorney, one Noone, who shortly thereafter effected a settlement with the insurer. Upon learning of the settlement, Saul brought this action, entitled as one for

"damages for breach of contract and fraud" against the Cokers, Noone and the insurance company. Later Saul dismissed without prejudice the action against the Cokers. A default against Noone was taken and on ex parte proof Saul was awarded judgment against Noone for nominal damages of One Dollar. The action proceeded to trial against the insurance company and at the close of Saul's case the trial court dismissed his claim. He has appealed.

The evidence with respect to the insurance company showed that prior to filing the District Court action Saul attempted to negotiate a settlement with the insurance company but his offer of settlement was rejected as excessive, that when the action was brought the insurer retained counsel to defend it, that after the action had been pending for over a year the insurer received a letter from Noone stating that Saul had been discharged and that Noone had been retained and suggesting settlement at a figure considered by the insurer to be reasonable. This letter enclosed a copy of the letter of the Cokers to Saul discharging him and a copy of a praecipe by Noone entering his appearance for the Cokers in the District Court action. The insurer accepted the offer, made settlement, received releases, and forwarded to its attorney a praecipe by Noone dismissing the court action with prejudice. Upon ascertaining that Noone was counsel of record for the Cokers the insurance company's attorney also signed the praecipe and filed it in court.

The nature of Saul's claim against the insurer is not at all clear, but he argues that Noone should not have been allowed to enter his appearance in the District Court action without first obtaining an order of court permitting the discharge of Saul. For this proposition he cites various cases,[1] but assuming that Noone and the Cokers were derelict in their duty to Saul, we know of no authority that would hold the insurer responsible to Saul for the action of either Noone or the Cokers. There was no evidence or even a suggestion that the insurance company encouraged or persuaded the Cokers to discharge Saul.[2] If Saul has a valid claim, his claim is one against the Cokers and not against the insurance company.[3]

Affirmed.

1. Continental Casualty Co. v. Kelly, 70 App.D.C. 320, 106 F.2d 841 (1939) ; Pink v. Farrington, 67 App.D.C. 314, 92 F.2d 465 (1937), cert. denied 302 U.S. 741, 58 S.Ct. 143, 82 L.Ed. 572; Kellogg v. Winchell, 51 App.D.C. 17, 273 F. 745, 16 A.L.R. 1159 (1921).

2. Cf. Barnes v. Quigley, D.C.Mun.App., 49 A.2d 467 (1946) ; Sachs v. Klein, D.C. Mun.App., 154 A.2d 134 (1959).

3. The validity of Saul's claim against the Cokers is not before us and we express no opinion regarding it, other than to say there was evidence, which if accepted, would establish good cause for Saul's discharge.