**Vernon E. MARTENS, M.D., Plaintiff,**

v.

**HADLEY MEMORIAL
HOSPITAL, Defendant.**

**Civ. A. No. 87–1317.**

United States District Court,
District of Columbia.

May 25, 1990.

See also 729 F.Supp. 1391.

Warren Anthony Fitch, Kohlman & Fitch, Christian Camenisch, Lee H. Karlin, Washington, D.C., Anthony J. DiPaula, Covahey & Boozer, P.A., Towson, Md., for plaintiff.

Peter Turner, Ronald L. Early, Robert G. Brewer, Jr., Lerch, Early, Roseman & Frankel, Chartered, Bethesda, Md., for defendant.

## MEMORANDUM OPINION
## AND ORDER

AUBREY E. ROBINSON, Jr., Chief Judge.

### BACKGROUND

On March 12, 1990, this Court heard oral argument on motions for temporary restraining order and preliminary injunction filed by movant Christian Camenisch attorney for the plaintiff in the above case. Both motions were denied. Camenisch also sought to establish and enforce an attorney's lien prior to the filing of a stipulated dismissal by the parties.[1]

The Court ordered the parties to file briefs on the question whether the issue of the attorney's lien is properly raised within the underlying action and what effect, if any, the dismissal by stipulation would have on this Court's power to hear the issues presented by the current dispute in this matter.

The Movant asserts that as counsel of record and lead counsel in the above case, in which judgment and recovery have been obtained, he has a presently enforceable interest within in the cause of action in the nature of a charging lien arising from the contingency fee arrangement.

Respondent argues first, that the filing of the Rule 41(a)(1) dismissal terminates

---

1. Stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii) was filed with the Clerks Office on February 27, 1990. Camenisch filed his motions on the previous day. Rule 41(a)(1)(ii) provides in relevant part: "an action may be dismissed by the plaintiff without order of the court … (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action." A voluntary dismissal by stipulation is effective automatically and does not require judicial approval. *In re Wolf*, 842 F.2d 464, 466 (D.C.Cir.1988).

the original action and thus divests this Court of the power to hear the attorney's lien issue; second, that there never existed a contingency fee arrangement between Camenisch and his client and that the contract dispute between them should, therefore, be resolved in an independent action.

This Court finds that there is sufficient basis to conclude that a contingency fee arrangement was established. Further, that the case law supports a finding that this Court has jurisdiction to hear the attorney's lien issue.

## A. *Establishing an Attorney's Lien*

■ The "Agreement" between the parties clearly called for *inter alia*, the "client and attorney [to] divide any recovery from Hadley Hospital...." Agreement at ¶ 5. While there is no D.C. statute setting out an attorney's lien, D.C. case law has long recognized the validity of an attorneys' charging lien in proceeds obtained through judgment and recovery where the client and the attorney understood that the attorney would be paid out of the case's proceeds. *Kaushiva v. Hutter*, 454 A.2d 1373 (D.C.App.1983); *accord Falcone v. Hall*, 235 F.2d 860 (D.C.Cir.1956); *Lyman v. Campbell*, 182 F.2d 700 (D.C.Cir.1950); *Pink v. Farrington*, 92 F.2d 465 (D.C.Cir.), *cert. denied*, 302 U.S. 741, 58 S.Ct. 143, 82 L.Ed. 572 (1940).

Further, this Circuit has held that a charging lien arises out of the underlying action and relates back to the inception of the action. *Friedman v. Harris*, 158 F.2d 187 (D.C.Cir.1946); *accord, Continental Casualty Co. v. Kelly*, 106 F.2d 841 (D.C. Cir.1939).

Our Circuit has recognized that:

An attorney retained in a true contingency fee basis has "an interest in the cause of action." This interest is treated for purposes of recognition as an equitable or contract lien.... We think that in a proper case an attorney may apply to the court in his own name, assert his interest and lien, and secure enforcement, to the extent necessary to satisfy a valid claim for compensation, of a judgment favorable to his client. If the attorney has an

interest in the cause of action he has an interest in the judgment into which the cause of action merges. If he has agreed to look only to the ultimate recovery for his compensation and has obtained a judgment establishing his client's right to recover ... he should have the right to proceed in his own name to realize on the judgment upon which he has an equitable lien.

*Falcone v. Hall*, 235 F.2d 860, 862 (D.C.Cir. 1956) (quoting *Kellogg v. Winchell*, 273 F. 745 (D.C.Cir.1921)); *cf. Greenberg v. Sher*, 567 A.2d 882 (D.C.App.1989) (recovery of full contingency fee most likely where attorney has, before discharge, fully or substantially performed or contributed substantially to result finally obtained by client).

Finally, in *Friedman v. Harris*, 158 F.2d 187, (D.C.Cir.1946) this Circuit held that where the attorney of record is discharged without cause he has a personal financial interest in the cause of action and may intervene in that action to protect his attorney's lien. *Id.* at 188.

Based on the above analysis this Court finds that Camenisch has established an attorneys' charging lien and that he may properly intervene in the underlying case to protect his interest.

## B. *Effect of Stipulation of Dismissal*

■ The Respondent also claims that the Camenisch's Motion to Establish and Enforce Attorney's Lien is in effect a motion to intervene; one which is now beyond this Court's power to grant since "a Dismissal was filed, there is nothing in which to intervene." Respondent's Reply at 5.

This conclusion is contrary to the weight of authority in this and other jurisdictions ruling on this issue.

In *Continental Casualty Co. v. Kelly*, 106 F.2d 841 (D.C.Cir.1939), this Circuit held that an attorney who, due to a contract with a client providing for a contingent fee of a certain percent payable out of any judgment recovered, had an interest in the cause of action and could intervene in that action and assert a lien. The Court

stated that the attachment of the funds "brought those funds within control of the Court" and that "the Court having possession of the *res* or its equivalent ought to be clothed with jurisdiction upon proper application to establish the lien and disburse the funds." *Id.* at 844. The Court specifically rejected appellant's argument that intervention in the original suit was improper and that appellees can assert their lien only in an equity proceeding. *Id.* at 843.

Our Circuit's recognition of a continuing jurisdictional basis premised upon this Court's inherent power to affect the distribution of judgment proceeds has found support in other jurisdictions.

In *United States v. Transocean Lines, Inc.*, 356 F.2d 702 (5th Cir.1966), the parties filed a stipulated dismissal under Rule 41(a) while the issue of an attorneys' lien remained unresolved. The Court stated that "while the parties have the right to settle controversies out of court, any such settlement without knowledge of or notice to counsel and the payment of their fees is fraud on them, whether so intended or not." *Id.* at 705.

In a subsequent decision in the same litigation the Fifth Circuit reiterated its view that Rule 41(a) is not to be used as an escape hatch by parties seeking to deny an attorney the opportunity to litigate his lien in the original action. The Court stated that the affirmance in the earlier case was based in part on the view that "an attorneys' charging lien cannot be defeated even by a stipulated dismissal by the parties, where the attorney is not given notice." *United States v. Transocean Lines, Inc.*, 386 F.2d 79, 81 (5th Cir.1968).

In *Ingold v. Ingold*, 30 F.Supp. 347 (S.D. N.Y.1939), the court overturned an attempted stipulated dismissal without the knowledge or consent of plaintiff's attorney. The Court stated: "Rule 41(a) was never intended as a cloak whereby a client might settle or discontinue a lawsuit, and disregard entirely the interest of the attorney in the lawsuit." *See also Katopodis v. Liberian S/T Olympic Sun*, 282 F.Supp. 369 (E.D.Va.1968) (under Virginia Code attorney has lien upon a cause of action as security for his fee, where notice effectively given to defendants any settlement shall be void against lien created); *Litman v. Fine, Jacobson, Schwartz, Nash, Block & England*, 517 So.2d 88 (Fla.App. 3 Dist. 1987) (where funds sought to be impressed by lien are part of a recovery by judgment, the court retains jurisdiction to hear a motion affecting the judgment until it is fully executed and the attorney may proceed in that suit to have his lien established); *Dawda and Fields, P.A. v. Donald R. Cobb*, 452 So.2d 1140 (Fla.App. 5 Dist.1984) (enforcement of attorneys' charging lien is commonly enforced against the judgment by summary proceedings in the original action).

In conclusion, this Court finds that Camenisch has established a perfected charging lien which cannot be defeated by a dismissal by stipulation under Rule 41(a)(1)(ii); that the judgment ripened the charging lien creating an equitable assignment confering upon Camenisch the right to participate in the recovery; that the lien is annexed to the judgment and is enforceable in this Court where the judgment was entered; and, that this Court retains jurisdiction to hear the issue of the attorneys' lien.