## DEMOCRATIC CENTRAL COMMITTEE OF the DISTRICT OF COLUMBIA, et al., Petitioners,

v.

## The WASHINGTON METROPOLITAN AREA TRANSIT COMMISSION, Respondent,

D.C. Transit System, Inc., Intervenor.

Nos. 21865, 24398, 24415 and 24428.

United States Court of Appeals, District of Columbia Circuit.

Aug. 9, 1991.

Before BUCKLEY and RANDOLPH, Circuit Judges, and MacKINNON, Senior Circuit Judge.

Opinion for the Court filed PER CURIAM.

PER CURIAM.

Beverly C. Moore, Jr., who was hired by Landon G. Dowdey, lead counsel for Democratic Central Committee ("DCC"), as an attorney to perform several tasks in the above entitled consolidated cases, moves the court to grant him "an attorney's lien, on funds in the possession of the court against DCC counsel Landon G. Dowdey ..." in the amount of $20,708, plus interest.

A. *Background Facts*

Mr. Moore asserts several separate bases for his claim to a lien and the amount thereof. Moore rendered legal services in preparing a "fee application" for Dowdey in the DCC consolidated cases. Moore and Dowdey entered into a written contract whereby Dowdey agreed to pay Moore $15,707.86 for legal services performed by Moore in the DCC case within 10 days of "Dowdey's receipt of any fee award proceeds" in that case. A subsequent Settlement Agreement between Dowdey and Moore in a separate interpleader action, not related to the DCC case, modified the prior attorney's fee contract between Dowdey and Moore, in consideration for monetary concessions made by Moore to Dowdey in cases unrelated to DCC. All the foregoing resulted in a total "amount to be paid to Moore by Dowdey [of] $20,708.00" from attorney's fees Dowdey would receive for his services in the DCC cases.

Upon the foregoing factual allegations Moore contends, in view of Dowdey's contractual obligation to pay him $20,708, that any payments for attorney's fees to which Dowdey becomes entitled in the DCC cases should "be subject to Moore's attorney lien and should by Order of this Court be paid

[by the Trust Company] directly to Moore and not to Dowdey." Motion 5.

## B. *Jurisdiction*

■ The Washington Metropolitan Area Transit Regulation Compact (the "Compact") defines this court's jurisdiction as follows:

Jurisdiction is hereby conferred upon the ... United States Court of Appeals for the District of Columbia Circuit ... *to review orders of the Washington Metropolitan Area Transit Commission* as provided by section 17, article XII, title II, of the Washington metropolitan area transit regulation compact....

D.C.Code § 1–1415 (1967), Pub.L. No. 86–794, § 6, 74 Stat. 1031, 1051 (1960) (emphasis added). The Compact vests in this court jurisdiction to enforce an *appropriate* attorney's lien in the present case based upon our continuing jurisdiction over the DCC case as reserved in the court's order of February 26, 1990 [1] approving the Compromise Agreement, the court's inherent equitable powers to enforce its own order granting attorney's fees, and the common fund or benefit exception to the American Rule which allows a court to award fees and expenses to the prevailing party from a fund recovered through his efforts that benefit the class. *See, e.g., Hall v. Cole,* 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973).

## C. *The Attorney's Lien*

■ The existence and effect of an attorney's lien is governed by the law of the place in which the contract between the attorney and the client is to be performed. 7 Am.Jur.2d *Attorneys at Law* § 351, at 354 (1980). Chief Judge Aubrey Robinson in *Martens v. Hadley Memorial Hospital,* 753 F.Supp. 371, 372 (D.D.C.1990), pointed out that "While there is no D.C. statute setting out an attorney's lien, D.C. case law has long recognized the validity of an attorneys' charging lien in proceeds obtained through judgment and recovery where the *client* and the attorney understood that the attorney would be paid out of the case's proceeds." (Emphasis added).

■ Moore's contractual claim does not satisfy the District of Columbia or common-law requirements for an attorney's lien. In fact, an attorney's lien is not an appropriate remedy for Moore to seek for his alleged claim. Attorney's liens are asserted by counsel against the client. Moore is not seeking a lien on his client's funds; rather, he wishes the court to assert a lien against Dowdey, who associated him to do some legal work in the case.

■ Furthermore, Moore, as an associate counsel, has no agreement with the client, DCC, providing that his fee would be paid from the judgment. An associate counsel can only obtain an attorney's lien if the client authorizes or ratifies his employment by the principal attorney and the client agreed to have his associate's fee paid from the judgment. *Hahn v. Oregon Physicians' Service,* 786 F.2d 1353, 1355 (9th Cir.1985) (An attorney associated with lead counsel has no right to a lien against the ultimate recovery in the absence of an independent contract between him and the clients.). There is no such agreement here between Moore and DCC. *See also Snyder v. Smith,* 132 Neb. 504, 272 N.W. 401, 402 (1937); *Smith v. Wright,* 153 Mo.App. 719, 134 S.W. 683 (1911); *Harwood v. La Grange,* 137 N.Y. 538, 32 N.E. 1000 (1893); *Miller v. Miller,* 83 S.D. 227, 157 N.W.2d 537, 541–42 (1968) (A valid contract for attorney's fees, express or implied, between attorney and client is necessary for the existence of an attorney's lien.); *People ex rel. Stephens v. Holten,* 304 Ill. 394, 136 N.E. 738, 740 (1922) (An attorney's lien for fees must be based upon some contract with the client in order to subject the results of an action to a lien.); *Goodwin Film & Camera Co. v. Eastman Kodak Co.,* 222 F. 249, 250 (1915) ("Where an

---

1. The Court's Order Approving Settlement and Establishing Riders' Fund provides:

ORDERED, that the Court retains jurisdiction of all matters in all subject cases until further order of the Court, and specifically retains jurisdiction to resolve any and all disputes arising under or relating to this settlement and with respect to all subject litigations.

February 26, 1990, Order 4.

attorney employs associate counsel on his own account, such associate counsel has no lien on the results of the action."). In sum, in order to assert a valid attorney's charging lien, there must be an agreement between client and counsel, either express or implied, that the attorney's fee would be paid from any recovery in the case.[2] 7A C.J.S. *Attorney & Client* § 361, at 721; 7 Am.Jur.2d *Attorneys at Law* § 324, at 337. This principle applies equally to lead counsel and associate counsel.

■ Further, the contract upon which Moore bases his lien claim provides that his attorney's fees were to be paid to Moore "out of any attorney fee award ... that Dowdey ultimately receives for his work in [the bus fare overcharge case]." July 14, 1989 Contract, 1. Thus, under their contract, upon which Moore relies, he has no claim to his fee against the Security Trust Company or any of the moneys in the custody of the court in the DCC case.

■ In fact, it would be inappropriate for this court to attempt to resolve the controversy between these attorneys in light of the manner in which the Compromise Agreement deals with the attorney's fees incurred and to be awarded in this case. The Compromise Agreement, approved by the parties, provides that "Landon G. Dowdey ... agrees to indemnify and hold D.C. Transit and the restitutionary fund harmless from liability for any and all claims for attorneys' fees and expenses of any person arising out of the cases covered by this Compromise Agreement." Compromise Agreement at ¶ 5.2(a). This provision intended that associate counsels' fees would be paid from the attorney's fees awarded to Landon G. Dowdey and Gilbert Hahn, attorneys-in-fact for petitioners. It provides that the court will not be involved in attorney's fee controversies between Dowdey and Hahn and their respective associate counsel. As a result, the court should not now be in the business of resolving individual attorney's fee claims against either Dowdey or Hahn. To illus-

trate, Moore's individual fee application of April 28, 1989 became moot as a direct result of the Court's order of August 6, 1989, which approved the portion of the settlement agreement regarding attorneys' fees. Thus, it would be inappropriate to now attempt to resolve Moore's individual attorney's fee claim through his application for an attorney's lien.

### CONCLUSION

Therefore, for the foregoing reasons, upon consideration of Moore's Motion for Attorney's Lien, Dowdey's Opposition to the Motion and Moore's Reply to Dowdey's Opposition, the Motion is denied.

*Order accordingly.*

---

**2.** *Continental Casualty Co. v. Kelly,* 106 F.2d 841, 844 (D.C.Cir.1939), cited by Moore is distinguishable from this case in that the attorney claiming the lien had a contingent fee contract with the client.